**Opinion entered September 12, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00859-CV

---

### THERESA BARNETT, Appellant

### V.

### DAVID S. CROCKETT, ET AL., Appellees

---

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-00136**

---

## MEMORANDUM OPINION ON MOTION TO REVIEW TRIAL COURT ORDER SUSTAINING CONTEST TO AFFIDAVIT OF INDIGENCE
Before Chief Justice Wright and Justices Lang-Miers and Brown

Before the Court is appellant's September 3, 2014 motion to review the trial court's August 13, 2014 order sustaining two contests to her affidavit of inability to pay and the trial court's August 28, 2014 order denying her amended motion to strike the contest order. We affirm the trial court's orders.

### BACKGROUND

This appeal from a sanctions order was filed July 1, 2014. Appellant, appearing pro se, subsequently filed her affidavit of indigence in this Court. She alleged in her affidavit that her monthly income averaged $2600 and consisted of unemployment benefits, "project" income, and income from tutoring. She also alleged in her affidavit that her monthly expenses averaged

1

$3090 to $3400. Listed as expenses were $500 to $650 for "rent/house payments/maintenance," $643 to $810 for "food and household supplies," $75 to $100 for "utilities and phone," $71 to $100 for "clothing/laundry," $25 for "medical/dental," $250 for "insurance," $272 for "auto lease payments, $180 to $200 for "transportation costs," $565 for "debt payments," and $424 to $535 for "other expense/business costs."

Pursuant to Texas Rule of Appellate Procedure 20.1(h)(4), we referred the affidavit to the trial court and ordered any contests to the affidavit be filed no later than August 4, 2014 and the hearing on any contests be held no later than August 14, 2014. TEX. R. APP. P. 20.1(h)(4). Both the district clerk and court reporter timely filed contests, and a hearing was held August 5, 2014.

Appellant, the sole witness, testified she is a certified public accountant with a specialty in "audit work." Due to the economy and underlying suit, she has struggled securing audit work, which is "what [she] want[s] to do," and received unemployment benefits in 2013 and part of 2014. She has "venture[d] out" to other types of services but admitted that "if that's not what you want to do, then that's going to affect . . . how much you do." Appellant testified she has tutored to supplement her income and, at the time of the hearing, her sole source of income was from tutoring. She further testified that she had attempted to secure a loan and line of credit, but had been declined by various banks. In an exhibit admitted into evidence, she listed her monthly income as ranging from $1960 to $2257. She also listed monthly expenses of $2590.91. Those expenses consisted of $218 for "insurance - auto," $272 for "auto lease," $321 for "rent," $19.41 for "renter's insurance," $15 for "PO Boxes," $25 for "storage," $75 for "phone," $17 for "fax," $750 for "food," $40 for "tolls," $180 for "gas," $125 for "career license CPE dues," $181 for "tithing," $70 for "dry cleaning and laundry," $75 for "hygiene necessities," $50 for "marketing," $50 for "debt," $75 for "facilities rent," $25 for "estimated tax payment," and

2

$7.50 for "Toastmasters." She supported her claim for her phone bill, fax service, post office boxes, car and renter's insurance, car lease payment, rent, and debt payment with copies of statements and bills.

On cross-examination, she testified that she worked on a "small" consulting project over a three-week period in May 2014 and earned $3600. She used that money to reduce her credit card debt. She also testified on cross-examination that she "eats out" every meal every day.

The trial court's order sustaining the contests contained findings that appellant "is likely voluntarily underemployed;" "did not introduce any credible evidence to support her affidavit testimony regarding her monthly expenses for 'food and household supplies;'" provided no or insufficient credible evidence to support her affidavit testimony regarding her "rent/house payments/maintenance," and "other expense[s]/business costs;" and, "forwarded a sizeable extra lump-sum payment [$3600]" to pay down her debt while at the same time "representing indigence to the Court." In a footnote, the trial court also noted that evidence indicated the affidavit "was not actually sworn to before a notary," conduct which "bears on the credibility of [appellant's] affidavit and live testimony." The trial court concluded that, "[a]fter deducting [appellant's] proven monthly expenditures from her average monthly income, she has $1,469.83 remaining and that she could pay for all or part of the appellate record "if she really wanted to and made good faith efforts to do so."

### STANDARD OF REVIEW AND APPLICABLE LAW

The test for determining indigence is whether the record as a whole shows "by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins v. Randall Cnty. Sheriff's Office*,

3

257 S.W.3d 684, 686 (Tex. 2008)). In reviewing a trial court's ruling on a contest to an affidavit of indigence, we apply an abuse of discretion standard. *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.-–San Antonio 2009, no pet.) (per curiam). We will conclude the trial court abused its discretion if it acted without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *Id.* As the fact-finder, the trial court is the sole judge of the credibility of the witnesses and evidence. *In re A.R.*, 236 S.W.3d 460, 471 (Tex. App.-–Dallas 2007, no pet.) (op. on reh'g). We may not reverse the trial court's decision simply because we might have reached a different result. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

## DISCUSSION

Appellant's motion contains no argument, but in a September 5, 2014 filing[1] she complains the trial judge was "negligent in considering the presented facts" at the hearing on the contests, failed to properly consider the additional documentary evidence and "new affidavit of inability to pay with an up-to-date notary page" she presented following the contest hearing, and unreasonably expected appellant to present a "full year of evidence" of "disbursement activity" at the contest hearing. Appellant further justifies and explains the expenses the trial judge found were not supported by credible evidence at the contest hearing, and asks this Court to not only overrule the contest and August 28th orders, but also temporarily seal the contest order and record of the contest hearing and consider a new affidavit of inability to pay.

We have reviewed the record before us and the trial court's order. Even if we were to agree with appellant's assertions in her September 5th filing, we cannot conclude the trial judge abused her discretion in sustaining the contests. The trial judge's ruling was based on her

---

[1] The filing is titled "appellant's emergency motion to overrule contest order, mandate strike or temporary seal, void August 28, 2014 order and compel court reporter and court clerk to produce at zero or nominal costs to appellant." Although presented as a separate motion, we construe it as a brief in support of her motion to review the contest and August 28th orders.

assessment of appellant's credibility at the contest hearing. The trial judge observed appellant's demeanor and appearance as she testified, and, as the fact-finder, evaluated her credibility. We will not substitute our judgment for that of the trial judge. Accordingly, we affirm the trial court's orders. We further deny appellant's request that we seal the contest record and order and consider a new affidavit.

Having concluded the trial judge did not abuse her discretion in sustaining the contest, we **ORDER** appellant to pay, or make arrangements to pay, for the clerk's and court reporter's records within twenty days of the date of this opinion. We further **ORDER** appellant to file, within twenty-five days of the date of this opinion, written verification that she has paid or made arrangements to pay for the record. We caution appellant that failure to pay for the reporter's record will result in this appeal being submitted without that record; failure to pay for the clerk's record will result in dismissal of this appeal without further warning. *See* Tex. R. App. P. 37.3(b),(c), 42.3(b),(c).

/s/  ELIZABETH LANG-MIERS
JUSTICE