22 S.W.3d 932 (2000)
In the Interest of G.C., a minor child.
No. 99-0950.
Supreme Court of Texas.
July 6, 2000.
Rehearing Overruled August 24, 2000.
Simon C. Gonzalez, Fort Worth, for Petitioner.
Stephanie Michel Alvarado, Asst. County Atty., Robert Glen, County Atty., Cheryl Ann McNair, Asst. County Atty., Weatherford, Randy J. Hall, Decker Jones McMackin McClane Hall & Bates, Fort Worth, for Respondent.
PER CURIAM.
The Texas Department of Protective and Regulatory Services obtained a court order terminating Francisca Marines' rights in her child, G.C. The issue here is whether Marines may appeal that decision as an indigent, and therefore proceed without prepaying the cost of the appellate record. We hold that Marines may appeal as an indigent. Accordingly, we reverse the court of appeals' judgment dismissing this case, and remand to that court to direct that the complete trial record be prepared and to consider Marines' appeal on the merits.
When Marines appealed the State's termination of her parental rights, she filed an affidavit of indigence. The court reporter and DPRS contested the affidavit. While the trial court timely set a hearing on the contest, it later extended the time for hearing without signing an order. Ultimately, it failed to rule on the contests within the permissible time and later signed an order sustaining the contests. Marines then sought review of the contest decision in the court of appeals. The court of appeals, affirming the trial court's decision, ordered Marines to file the trial court record by a given date, after which her appeal on the merits would be dismissed if the record was not filed. Because Marines did not file the record, the court of appeals dismissed her appeal. She now appeals the dismissal to us.
Within ten days after a party contests an affidavit of indigence, Texas Rule of *933 Appellate Procedure 20.1 requires a trial court to sign an order either sustaining the indigence contest or extending the time for hearing it. See TEX.R.APP. P. 20.1(i)(2). If the trial court fails to do either within the ten day period, allegations in the affidavit are deemed true. See id. (i)(4). The trial court clerk and court reporter must then prepare the appellate record for the indigent party to proceed with the appeal without advance payment of costs. See id. (j). Because the trial court in this case did not sign an order either sustaining the indigence contest or extending the time for hearing it within ten days after the indigence contest was filed, the rule deems the allegations in Marines' affidavit of indigence as true, and authorizes her to proceed with her appeal without prepayment of costs.
We note that in this case, Marines was uncertain how to present this issue to the court of appeals. DPRS challenges the procedure used by Marines in the court of appeals. Although we held in In re Arroyo that mandamus was not a proper avenue to challenge indigence contest orders, we also instructed that an improper challenge was not fatal to the indigent's case. See In re Arroyo, 988 S.W.2d 737, 738 (Tex.1998). In Arroyo we prescribed the procedure by which courts of appeals can and should obtain portions of the record necessary to review an indigence contest order. See id. at 739. The court of appeals essentially followed this procedure correctly.
Because the trial court did not timely sign an order, the appellate rules deem the allegations in Marines' affidavit of indigence as true and she is allowed to appeal without advance payment of costs. The court of appeals therefore erred in failing to order the record and in dismissing Marines' appeal for want of prosecution when she failed to file the record. Consequently, we remand this case to the court of appeals, directing it to require the Parker County clerk and court reporter to prepare and file the complete trial record and transcript without prepayment of costs by Marines and to then consider the merits of Marines' appeal of the termination of her parental rights.