**In the Interest of M.A.H., a Child.**

No. 10–02–233–CV.

Court of Appeals of Texas, Waco.

Jan. 22, 2003.

Julia A. Adams, Attorney At Law, Waco, for Appellant/Relator.

Anthony E. Silas, Robertson, Robertson & Silas, L.L.P., Clifton, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

A jury recommended that Destiny Dawn Merritt's parental rights be terminated with respect to her daughter M.A.H. Merritt appealed and filed an indigence affidavit seeking preparation of the appellate record at no cost to herself or at a reduced cost. The court sustained a contest filed by the court reporter. Merritt appeals the court's order sustaining the contest.

Merritt contends in two issues that the court abused its discretion by sustaining the reporter's contest because: (1) the court's order extending the time for a hearing on the contest was untimely; and (2) assuming the extension order was timely, she did not receive notice of the hearing on the reporter's contest.

## BACKGROUND

Merritt timely filed her indigence affidavit on June 27, 2002. The court reporter, Don McDonald, timely filed his contest on July 1. The trial court signed an order on July 11 extending the time for the hearing to July 17. Only McDonald and the attor-

ney ad litem appointed to represent M.A.H. appeared at the hearing. McDonald called a deputy district clerk who testified that she docketed the contest on July 1 and obtained a hearing date from the court coordinator. She mailed notice of hearing to Merritt's counsel by regular mail, using an envelope provided by McDonald. She did not state what address was on the envelope. The notice she mailed to Merritt's counsel has not been returned to the district clerk's office.

McDonald testified that he mailed a copy of the contest to Merritt's counsel by certified mail, return receipt requested on June 28. McDonald offered a copy of the "green card" in evidence which reflects that Merritt's counsel received her copy of the contest on June 29. The court signed an order sustaining McDonald's contest on July 17.

Merritt filed a motion to set aside this order on July 23, alleging that she never received notice of the hearing. The next day, the court signed an order setting Merritt's motion for hearing on August 7. At the hearing, McDonald argued that the court could take no further action with regard to Merritt's indigence claim because more than twenty days had passed since the court had signed the extension order. *See* Tex.R.App. P. 20.1(i)(3) (court cannot extend hearing for more than 20 days after extension order signed). Merritt's counsel testified that she never received notice of the hearing. The deputy district clerk reiterated her testimony from the July 17 hearing. She could not recall the address which was on the envel-

ope in which she mailed notice to Merritt's counsel. The court denied Merritt's request to reconsider its ruling on the contest.

## RULE 20.1

Rule of Appellate Procedure 20.1 provides strict guidelines for a party claiming indigence in a civil appeal. The "appellant must file the affidavit of indigence in the trial court with or before the notice of appeal." *Id.* 20.1(c)(1). Upon receipt of the affidavit, "the [trial court] clerk must promptly send a copy of the affidavit to the appropriate court reporter." *Id.* 20.1(d)(1). Any contest must be filed "within 10 days after the date when the affidavit was filed." *Id.* 20.1(c).[1] If a contest is filed, "the trial court must set a hearing and notify the parties and the appropriate court reporter of the setting." *Id.* 20.1(i)(1).

The trial court must conduct a hearing on the contest or sign an extension order within ten days after the contest is filed. *Id.* 20.1(i)(2)(A). If the court signs an extension order, it cannot extend the hearing more than twenty days after the date the extension order is signed. *Id.* 20.1(i)(3). The court must sign an order on the contest "within the period set for the hearing" or "the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." *Id.* 20.1(i)(4); *see also In re G.C.*, 22 S.W.3d 932, 933 (Tex.2000) (holding that appellant allowed to proceed without advance payment of costs because

---

1. It appears that the Supreme Court misdesignated the subdivision of Rule 20.1 entitled "Contest to Affidavit" as subdivision (c) instead of subdivision (e). The subdivisions of Rule 20.1 are: (a) "Establishing Indigence"; (b) "Contents of Affidavit"; (c) "When and Where Affidavit Filed"; (d) "Duty of Clerk"; (c) [sic] "Contest to Affidavit"; (f) "No Con-

test Filed"; (g) "Burden of Proof"; (h) "Decision in Appellate Court"; (i) "Hearing and Decision in the Trial Court"; (j) "Record to Be Prepared Without Prepayment"; (k) "Partial Payment of Costs"; (*l*) "Later Ability to Pay"; (m) "Costs Defined." Tex.R.App. P. 20.1.

trial court did not timely sign order sustaining contest).

## TIMELINESS OF EXTENSION

■ Merritt contends in her first issue that the trial court did not timely sign an extension order. The original clerk's record contains an undated extension order which was filed on July 15, more than ten days after McDonald filed his contest. At McDonald's request however, the trial court clerk filed a supplemental clerk's record containing a faxed copy of the extension order. The transmission data recorded on the faxed copy reflects that it was faxed to the Bosque County District Clerk from the office of the Comanche County District Clerk on July 11.[2] The Bosque County District Clerk file-stamped the faxed copy on July 11.

McDonald states in his brief that the trial judge signed this order on or before July 11 in his Comanche County office and faxed it to the Bosque County District Clerk for filing on July 11. Merritt does not dispute this allegation. Accordingly, we accept it as true. *See Ingalls v. Standard Gypsum, L.L.C.,* 70 S.W.3d 252, 255 n. 2 (Tex.App.-San Antonio 2001, pet. denied) (accepting as true appellee's unchallenged factual assertions) (citing TEX. R.APP. P. 38.1(f)).

The trial court timely signed the extension order on or before July 11. Accordingly, Merritt's first issue is without merit.

## NOTICE OF HEARING

■ Merritt contends in her second issue that the trial court order abused its discretion by sustaining McDonald's contest because she did not receive notice of the hearing on the contest. According to McDonald, the deputy clerk satisfied the

requirements of Rule 20.1(i)(1) when she mailed notice to Merritt's counsel by first class mail.

■ A rebuttable presumption exists "that when notice of [a hearing date] properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee." *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987) (citing *Southland Life Ins. Co. v. Greenwade,* 138 Tex. 450, 455, 159 S.W.2d 854, 857 (1942)); *accord Thomas v. Ray,* 889 S.W.2d 237, 238 (Tex.1994) (orig. proceeding); *Stanley Stores, Inc. v. Chavana,* 909 S.W.2d 554, 558 (Tex.App.-Corpus Christi 1995, writ denied). The addressee may rebut this presumption by offering proof of non-receipt. *Thomas,* 889 S.W.2d at 238; *Cliff,* 724 S.W.2d at 780; *Stanley Stores,* 909 S.W.2d at 559. If the addressee presents evidence to rebut the presumption, receipt of notice becomes an issue for the trier of fact to resolve. *Stanley Stores,* 909 S.W.2d at 559 (citing *Pitts v. State,* 736 S.W.2d 191, 192 (Tex.App.-Waco 1987, no writ); *Gulf Ins. Co. v. Cherry,* 704 S.W.2d 459, 461 (Tex.App.-Dallas 1986, writ ref'd n.r.e.)).

■ No presumption of due receipt arises absent a showing that the notice was "properly addressed." *See Sw. Life Ins. Co. v. Green,* 768 S.W.2d 445, 448 (Tex.App.-El Paso 1989, writ denied) (no presumption of due receipt existed where appellee "failed to testify as to correctly addressing the envelope, placing the letter inside, placing a stamp on the envelope and then putting the letter in a mail deposit facility"); *see also Mosser v. Plano Three Venture,* 893 S.W.2d 8, 11 (Tex. App.-Dallas 1994, no writ) (presumptive receipt of summary judgment *motion* arising from recitations in certificate of service

---

**2.** The 220th Judicial District, from which this appeal arises, consists of Bosque, Comanche, and Hamilton counties. TEX. GOV'T CODE. ANN. § 24.398 (Vernon 1988).

does not create presumption of due receipt of separate *notice of hearing* ). McDonald failed to present any evidence that the notice mailed by the deputy clerk was properly addressed to Merritt's counsel. Thus, no presumption exists that Merritt's counsel received the notice. *Id.* Accordingly, we conclude that Merritt's counsel did not receive notice of the hearing on McDonald's contest.

The lack of notice in this case deprived Merritt of the opportunity to be heard on her indigence claim. The Supreme Court of Texas recently underscored the importance of a hearing on an indigence affidavit under Rule 20.1:

> Although an affidavit of indigence is no longer used to invoke appellate jurisdiction, it is no less essential to an appeal, for if a contest to the affidavit is sustained, the appellant must either pay for the appellate record to be prepared and filed or suffer dismissal of the appeal.

*In re J.W.*, 52 S.W.3d 730, 733 (Tex.2001) (citing Tex.R.App. P. 37.3(b)).

We have no difficulty concluding that this error has "probably prevented the appellant from properly presenting [her appeal on the merits] to the court of appeals." Tex.R.App. P. 44.1(a)(2). Accordingly, this error requires reversal. *See Aguilar v. Stone*, 68 S.W.3d 1, 2 (Tex.App.-Houston [1st Dist.] 1997, orig. proceeding) (conditionally granting mandamus petition where trial court sustained contest when appellant did not appear at hearing because he was not given notice). Thus, we conclude that Merritt's second issue is meritorious.

## CONCLUSION

We will remand this cause to the trial court for a hearing on McDonald's contest. All time limits under Rule 20.1 shall be calculated as if McDonald's contest was filed on the date our mandate issues in this appeal. We reverse the court's order sustaining McDonald's contest and remand this cause for further proceedings consistent with this opinion.