**Reversed and Rendered and Memorandum Opinion filed April 23, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00308-CV

---

### HELEN MAYFIELD, Appellant

### V.

### HARRIS COUNTY, Appellee

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-26254**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order signed March 19, 2012, sustaining the Harris County District Clerk's contest to appellant Helen Mayfield's affidavit of indigence. *See* Tex. R. App. P. 20.1. Appellant has perfected a separate appeal from a summary judgment signed December 12, 2011, which is currently abated, pending the resolution of appellant's claim of indigence. *See Helen Mayfield v. The Eagle Newspaper, Holly Huffman, Matthew Watkins and John P. Barnwell, CEO of the Evening Post Publishing Co.,* No 14-12-00034-CV.

Appellant filed an affidavit in the court below, attesting to her inability to pay costs of the appeal. [1] The Harris County District Clerk filed a timely contest to the affidavit and a motion to extend time to conduct a hearing on the contest. The trial court granted the extension and sustained the District Clerk's contest. Appellant filed a timely notice of appeal from the order sustaining the contest.

Because appellant has appealed the final judgment, she is entitled to challenge the denial of her indigent status for the appeal, and we may order the record necessary for a review of the trial court's ruling without the advance payment of costs. *See In re Arroyo,* 988 S.W.2d 737, 738-39 (Tex. 1998). Accordingly, we ordered a partial record related to the indigence appeal. The record and the parties' briefs on the issue of indigence have now been filed.

Texas Rule of Appellate Procedure 20.1 governs the procedure to be followed when a party seeks to appeal without the advance payment of costs. *See* Tex. R. App. P. 20.1. Rule 20.1(i)(1) provides that when an affidavit is filed in the trial court and a contest is filed, as in this case, "the trial court must set a hearing and notify the parties and the appropriate court reporter of the setting." *See* Tex. R. App. P. 20.1(i)(1). The hearing must be conducted, or an order signed extending the time to conduct the hearing, within 10 days after the contest was filed. Tex. R. App. P. 20.1(i)(2)(A). "The time for conducting a hearing on the contest must not be extended for more than 20 days from the date the order is signed." Tex. R. App.

---

[1] Appellant asserts in her brief that she filed an affidavit of indigence "with her Notice of Appeal," which was filed January 10, 2012. According to the record before this court, the affidavit of indigence was filed February 13, 2012. Even though the appellate rules contemplate that an affidavit of indigence will be filed at the same time as a notice of appeal, the Texas Supreme Court has confirmed that because the affidavit's filing is not jurisdictional, an affidavit that is filed later is effective. *See Higgins v. Randall Cnty. Sheriff's Office,* 193 S.W.3d 898, 899-900 (Tex. 2006). Appellant's affidavit was filed before the March 1, 2012, effective date of recent changes to Texas Rule of Appellate Procedure 20.1, which governs claims of indigence in the appellate courts. *See* Misc. Docket No. 12–9030 (Tex. Feb. 13, 2012), 75 Tex. B.J. 228. Accordingly, we have applied the former rule to this appeal.

P. 20.1(i)(3). "Unless—within the period set for the hearing—the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." Tex. R. App. P. 20.1(i)(4).

We review a trial court's ruling on a contest to an affidavit of indigence for abuse of discretion. *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). A trial court has no discretion in determining what the law is or applying the law to the facts. *In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003).

In appellant's second issue, which is dispositive of this appeal, she asserts that the trial court's order sustaining the District Clerk's contest was untimely because the time for a hearing was improperly extended. She contends that the trial court abused its discretion by sustaining the contest to her affidavit when the order granting an extension of time to conduct a hearing on the contest was not signed within the time permitted by the governing rules. The affidavit was filed February 13, 2012, and the contest was filed February 21, 2012. Therefore, the trial court was required to sign an order on or before March 2, 2012, 10 days after the contest was filed. *See* Tex. R. App. P. 20.1(i)(2)(A). Instead, on March 19, 2012, the trial court signed two orders: one granting an extension of time until March 5, 2012, to conduct the hearing; and a second order sustaining the contest. These orders are untimely.

First, the trial court's orders were signed more than 10 days after the contest was filed. *See In re G.C.,* 22 S.W.3d 932, 932-33 (Tex. 2000) (holding trial court must sign an order within 10 days after the contest is filed either sustaining the

3

contest or extending the time for a hearing); *see also* Tex. R. App. P. 20.1(i)(2). In addition, the order sustaining the contest is untimely because it was signed after the extended date set out in the order granting the extension. *See Montalvo v. JP Morgan Chase Bank, NA,* 375 S.W.3d 553, 554-55 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding trial court abuses its discretion in signing an order sustaining a contest beyond the time set for the hearing). Even though the time period may be extended for up to 20 days, if the trial court sets an earlier time in its extension order, the court must sign an order sustaining the contest by the earlier date, or the affidavit's allegations will be taken as true. *Id.* at 554.

Unless the trial court signs an order sustaining the contest or extending the time for a hearing within 10 days after the contest was filed, Rule 20.1 requires the allegations in the affidavit to be deemed true and authorizes the appellant to proceed with an appeal without prepayment of costs. *In re G.C.,* 22 S.W.3d at 932-33 (citing Tex. R. App. P. 20.1(i)(4)). Therefore, we conclude the trial court abused its discretion in sustaining the contest to appellant's affidavit of indigence because the trial court's order was untimely. We sustain appellant's second issue.

We reverse the trial court's order signed March 19, 2012, and order that appellant is entitled to proceed on appeal from the summary judgment signed December 12, 2011, without the advance payment of costs.[2]

PER CURIAM

Panel consists of Justices Boyce, Jamison and Busby.

---

[2] By separate order issued in the main appeal docketed under number 14-12-00034-CV, the court orders the appeal reinstated and the filing of the complete record without the advance payment of costs.