**ORDER REVERSED; and Opinion Filed October 24, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00894-CV

**ERIC DRAKE, Appellant**

**V.**

**SUNHEE PI, CHONG PARK, AND KRISTINA KASTL, Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-09-01374-E**

## MEMORANDUM OPINION

Before Justices Fillmore, Lewis, and Brown
Opinion by Justice Brown

Before the Court is appellant's motion for review of the trial court's order sustaining the Dallas County Clerk's contest of his affidavit of indigence. We review a trial court's order sustaining a contest to an affidavit of indigence for an abuse of discretion. *See Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (per curiam). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *Id*.

A party who is unable to pay costs on appeal may proceed without advance payment of costs by filing in the trial court an affidavit of indigence detailing such information as the party's income, assets, debts, monthly expenses, and ability to obtain a loan for court costs. *See* TEX. R. APP. P. 20.1(a)(2) & (b). The clerk, court reporter, or any party may challenge the affidavit by

filing a contest within ten days of the filing of the affidavit. *See* TEX. R. APP. P. 20.1(e)(1). If a contest is filed, the trial court has ten days from the filing of the contest to sign an order either sustaining the contest or extending the time for hearing it. *See* TEX. R. APP. P. 20.1(i)(2); *In re G.C.*, 22 S.W.3d 932, 932-33 (Tex. 2000) (per curiam). If the trial court fails to do either within the ten day period, the allegations in the affidavit are deemed true, and the party is allowed to proceed on appeal without advance payment of costs. *See See* TEX. R. APP. P. 20.1(i)(4); *In re G.C.*, 22 S.W.3d at 933.

Appellant filed an affidavit of indigence in the trial court on August 19, 2013. The Dallas County Clerk filed a contest to appellant's affidavit on the same date. On August 23, 2013, appellant filed a motion to recuse the trial judge and a motion to continue the hearing on his affidavit of indigence. In an order signed on August 27, 2013, the trial judge declined to recuse himself and referred the recusal motion to the presiding judge of the Administrative Judicial District. The presiding judge of the Administrative Judicial District signed an order denying appellant's motion to recuse on August 29, 2013.

In letters filed on August 29, 2013 and August 30, 2013, appellant notified the trial court that he would be on vacation and unavailable from August 29, 2013 through September 11, 2013. The trial court conducted a hearing on the contest to the affidavit on September 13, 2013 and, on the same date, signed an order sustaining the contest. Appellant timely filed a motion in this Court to review the trial court's order. *See* TEX. R. APP. P. 20.1(j).

The contest to appellant's affidavit of indigence was filed on August 19, 2013. Accordingly, the trial court had until August 29, 2013 to sign an order either sustaining the contest or extending the time for hearing the contest. This did not occur. Accordingly, we conclude the trial court abused its discretion. In reaching this conclusion, we recognize that the delay in conducting the hearing on the contest was to accommodate appellant at his request.

–2–

However, the invited error doctrine does not have the effect of extending the deadline for a hearing on a contest to a party's affidavit of indigence. *See Beatty v. Martin*, 690 S.W.2d 94, 95 (Tex. App.—Dallas 1985, no writ).

Because the trial court ruled on the contest outside of the permissible time period, we reverse the trial court's order. The allegations in appellant's affidavit of indigence are deemed true and appellant is entitled to proceed without advance payment of costs. *See* TEX. R. APP. P. 20.1(i)(4).

/Ada Brown/
ADA BROWN
JUSTICE

130894F.P05