**REVERSE and Opinion Filed November 26, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-01384-CV

### IN THE INTEREST OF K.V.K., A CHILD

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-19679**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Before the Court is the amended motion of appellant requesting appellate review of the trial court's order sustaining the contests to her affidavit of indigence. On November 6, 2014, the trial court held a hearing on the contests. The trial court signed an order sustaining the contests on November 11, 2014.

We review a trial court's order sustaining a contest to an affidavit of indigence for an abuse of discretion. *See Basaldua v. Hadden,* 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (per curiam). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *Id.*

If a contest is filed, the trial court has ten days from the filing of the contest to sign an order either sustaining the contest or extending the time for hearing it. TEX. R. APP. P. 20.1(i)(2),(4); *In re G.C.,* 22 S.W.3d 932, 932–33 (Tex.2000) (per curiam). If the trial court fails to do either within the ten day period, the allegations in the affidavit are deemed true, and the

party is allowed to proceed on appeal without prepayment of costs. *See* TEX. R. APP. P. 20.1(i)(4); *G.C.,* 22 S.W.3d at 933.

The record before us reflects appellant filed her affidavit on October 27, 2014. Appellee filed a contest to the affidavit on October 29, 2014. The court reporter filed a contest to the affidavit on October 30, 2014. Thus, the trial court had until Monday, November 10, 2014 to sign an order either sustaining the contests or extending the time for hearing the contest. *See* TEX. R. APP. P. 20.1(i)(2). Although the trial court conducted a hearing on the contests on November 6, 2014, it did not sign the order sustaining the contests until November 11, 2014, one day past the deadline.

Because the trial court failed to timely rule on the contests, we conclude the trial court abused its discretion in sustaining the contests. Accordingly, the allegations in appellant's affidavit are deemed true, and appellant is allowed to proceed without prepayment of costs. TEX. R. APP. P. 20.1(i)(4); *G.C.,* 22 S.W.3d at 933. We grant appellant's motion and reverse the trial court's order sustaining the contests.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

141384F.P05