ACCEPTED
03-15-00107-CV
4404588
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/6/2015 2:57:19 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00107-CV

_____

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/6/2015 2:57:19 PM
JEFFREY D. KYLE
Clerk

_____

SUZANNA ECKCHUM

Appellant,

v.

THE STATE OF TEXAS FOR THE PROTECTION OF HAL KETCHUM

Appellee.

_____

ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
OF COMAL COUNTY
CAUSE NO. C2014-1690C

_____

**APPELLANT'S MOTION TO CHALLENGE TRIAL COURT ORDER
SUSTAINING CONTEST TO APPELLANT'S AFFIDAVIT OF
INDIGENCY**

_____

Mysha Lubke
BAKER BOTTS L.L.P.
State Bar No. 24083423
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701
(512) 322-2500
(512) 322-2501 (fax)
mysha.lubke@bakerbotts.com

**ATTORNEY FOR APPELLANT**

Active 18038052.1                                     1

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant Suzanna Eckchum[1] respectfully requests that this Court deny Court Reporter Dana Dance's Contest to the Affidavit of Indigency Filed by Suzanna Eckchum pursuant to Rule 20.1(j) of the Texas Rules of Appellate Procedure. The trial court erred in sustaining the court reporter's contest to Appellant's affidavit of indigence for two reasons. First, Appellant's completed and verified affidavit shows that she is unemployed, disabled, and receives public benefits, which is all sufficient to prove indigence. Second, Appellant had no notice of the hearing on the contest and thus had no opportunity to offer testimony about the contents of her affidavit as proof of indigence. For these reasons, Appellant respectfully requests that this Court grant Appellant's motion to challenge, deny the court reporter's contest, and order court reporter Dana Dance to prepare the reporter's record for appeal at no cost to the indigent appellant. Appellant has requested that the trial court reconsider its order sustaining the contest.

---

[1] Respondent respectfully notes that the style of the case in the trial court order listed her name incorrectly, and the name should be listed as Suzanna Eckchum.

# BACKGROUND FACTS AND PROCEDURE

After a hearing on January 16, 2015, the trial court entered a Stalking Protective Order against Appellant on January 22, 2015. I CR 18-21. Proceeding pro se[2], Appellant timely filed her first Notice of Appeal on February 12, 2015.[3] *Id.* at 24. On that same date, Appellant filed an "Affidavit of Indigency," in which she swore that she receives government entitlements, has been unemployed since 2010, has no property of any value, and cannot pay costs. *Id.* at 22-23. This is the affidavit that Court Reporter Dana Dance timely contested on February 23, 2015. The trial court set and held a hearing on the contest on February 25, 2015 at 1:30 p.m. C.R. Supp. I. Notice for this hearing was sent by counsel for Court Reporter Dana Dance by certified mail, postmarked February 23, 2015. *Id.* Delivery of the notice was not attempted until February 25, 2015[4]—after the hearing. Ex. A.

---

[2] Appellant had trial counsel, but represented herself after trial and before engaging appellate counsel on February 26, 2015 after qualifying for pro bono appellate representation, without contingent fee, by a volunteer attorney through the Third Court of Appeals Pro Bono Program. Counsel has not agreed to pay or advance any costs.

[3] Appellant filed multiple documents entitled "Notice of Appeal," but each appears to be different. The Notice of Appeal filed on February 17, 2015 also included a request for a court transcript. I CR 25. And the Notice of Appeal filed on February 19, 2015 also included a request for a new trial. *Id.* at 26.

[4] Appellant received the letter sent via First Class Mail as well as the notice of a Certified mailing on the evening of February 26, 2015. However, accepting that the U.S. postal service attempted to deliver at least the certified letter on February 25, 2015, Appellant refers to that date as the date of receipt.

**ARGUMENT AND AUTHORITIES**

The trial court abused its discretion in granting the contest as the evidence before the court proved Appellant's indigence. The trial court also failed to give Appellant due process in entering an order sustaining Court Reporter Dana Dance's Contest to the Affidavit of Indigency filed by Suzanna Eckchum without notice of the hearing and without permitting Appellant the opportunity to be heard.

**I. The Trial Court Record As A Whole Shows Appellant Is Indigent and Unable to Pay Costs**

Even without Appellant's appearance at the hearing on the contest, evidence of Appellant's indigence was properly before the trial court under Rule 20.1. "The purpose of Rule 20.1 is to permit parties to proceed without paying filing fees if they are unable to do so, and we have long interpreted the Rules of Appellate Procedure liberally in favor of preserving appellate rights." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008) "The test for determining indigence is straightforward: Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?" *Id.* at 686. Moreover, "[t]he fact that any individual is dependent upon the charity of the public afforded through the various welfare programs is, by itself, prima facie evidence that the person is financially unable to

pay the court costs or give security therefor." *Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996) (quoting *Goffney v. Lowry*, 554 S.W.2d 157, 159-60 (Tex. 1977).[5]

Yet the court reporter did not contest the accuracy or contents of the affidavit showing prima facie evidence of Appellant's indigence. The court reporter did not contest the indigent Appellant's dependence on public welfare programs such as SNAP food benefits listed in her affidavit or that her expenses exceeded income sourced solely from government benefits. C.R. Supp. I. She only contested the completeness of Appellant's affidavit specifically with regards to her income, personal property, and cash. *See id.* But an indigent appellant is not required to attach any documents to the affidavit or address every factor in Rule 20.1(b) because "[s]atisfaction of the indigence rules should be liberally construed in favor of the right to appellate review." *Moreno v. Perez*, 363 S.W.3d 725, 743 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also In re C.H.C.*, 331 S.W.3d 426, 430 (Tex. 2011) (taking as true the allegations in an affidavit of indigence although the indigent appellant did not attach any documents to her affidavit or address every factor in Rule 20.1(b), but did swear that she had a negative cash flow and no investments or cash to help pay for a record).

---

[5] The Texas Supreme Court has declined to rule on whether this standard is applicable in appellate courts under Tex. R. App. P. 20.1 as it is in trial courts under Tex. R. Civ. P. 145. *In re C.H.C.*, 331 S.W.3d 426, 430 n.7 (Tex. 2011).

Moreover, Appellant's affidavit was complete and indicated that she would not be able to afford the costs of appeal. As to personal property and cash, Appellant left blank the lines for financial assets, other property, and real estate because she has none of these items. Evidence before the trial court showed that Appellant rents an RV situated on a local ranch. She owns no property, so it follows that she would have nothing to report for real estate and the like, and those lines would be blank. Similarly, as to income, Appellant left blank the boxes that did not apply to her. She has been unemployed since 2010, so it follows that she would not have anything to provide in the spaces for "wages," "job title," "employer," "2nd job," and the like. She provided the amount of income she receives from government benefits, and her affidavit was complete and complied with Rule 20.1. To suggest otherwise is to hold that an indigent Appellant must pay costs of appeal if she fails to mark each available space with a "0" or strikethrough. Such an elevation of form over substance is something the Texas Supreme Court has admonished is particularly inappropriate when assessing indigence. *Higgins*, 257 S.W.3d at 688–89. Thus, this Court should deny the court reporter's contest because the trial court abused its discretion in sustaining the contest.

## II. The Hearing on Contest was Held with No Notice to Appellant

Appellant had no notice of any hearing on the court reporter's contest to her affidavit of indigence. After a contest to an affidavit is filed, "the trial court **must set a hearing and notify** the parties and the appropriate court reporter of the setting." Tex. R. App. 20.1(i)(1) (emphasis added); *Kastner v. Texas Bd. of Law Examiners*, 03-10-00355-CV, 2011 WL 3659146, at *1 (Tex. App.—Austin Aug. 18, 2011, no pet.) ("[T]he trial court must provide notice and set a hearing to determine whether the party is indigent."). While it is true that a rebuttable presumption exists that if notice is properly addressed and mailed, that it was received by the addressee, *In re M.A.H.*, 98 S.W.3d 745, 748 (Tex. App.—Waco 2003, no pet.), Appellant did not receive notice of this hearing on the contest until after the contest occurred.

The notices sent regarding the contest prove that they were not sent in time to provide the indigent Appellant with actual notice of the hearing and rebut any presumption otherwise. Appellant received two mailings from counsel for Dana Dance both containing identical correspondence: a cover letter dated February 20, 2015 enclosing (1) the contest, (2) a motion to inspect Appellant's home and tax returns going back eight years, and (3) a motion to set with notice of the setting. C.R. Supp. I; Ex. A. The Notice of Setting was signed by the Civil District Court Coordinator on February 23, 2015 setting a hearing for two days

later on February 25, 2015. *Id.* Although the cover letter attaching the contest, motions, and notice was dated February 20, 2015, it contains the date and time of the hearing—a setting that was not obtained until February 23, 2015. Thus, the cover letter, contest, motions, and notice could not have been sent at any time before February 23, 2015. This is so despite counsel for Dana Dance's certifications on each motion that the motions were served on Appellant on February 20, 2015. That cannot be so especially considering that the postmarked date on each envelope received by Appellant was not stamped until the following Monday, February 23, 2015. Ex. A. Further, the envelope of the certified mailing shows that the postal service did not attempt delivery until February 25, 2015—the day that the hearing was set. *Id.* Thus, Appellant had no notice of a hearing on the contest.

It is well established that procedural due process requires notice and a hearing. *City of Houston v. Fore*, 412 S.W.2d 35, 37 (Tex. 1967). Yet, the lack of notice of a hearing as to this contest in preparation for an appeal has resulted in the possibility of excluding Appellant from the courts, when "[c]ourts should be open to all, including those who cannot afford the costs of admission." *In re C.H.C.*, 331 S.W.3d at 429. For these reasons, the Court should deny the contest to the affidavit of indigence and order Court Reporter Dana Dance to prepare the reporter's record. Appellant has provided additional evidence to support her

"Affidavit of Indigency" which she was not permitted to provide to the trial court in the attached affidavit and exhibits.

## CONCLUSION

For the above reasons, Appellant respectfully requests to be allowed to proceed with her appeal without payment of costs, including requiring that the court reporter prepare the appellate record without payment.

Respectfully submitted,

By: _/s/ Mysha Lubke_
Mysha Lubke
State Bar No. 24083423
mysha.lubke@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701
Telephone: (512) 322-2500
Facsimile: (512) 322-2501

ATTORNEY FOR APPELLANT
SUZANNA ECKCHUM

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Appellant Suzanna Eckchum conferred with Josh Presley, Counsel for the State of Texas for the Protection of Hal Ketchum on March 5, 2015 and determined that the State of Texas opposes this motion at this time.

/ s / *Mysha Lubke*
Mysha Lubke

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by fax on this 5th day of March, 2015:

***Counsel for the State of Texas for the Protection of Hal Ketchum:***

The Honorable Jennifer A. Tharp
Comal County Criminal District Attorney
150 North Seguin, Suite 370
New Braunfels, Texas 78130
fax: 830-608-2008

***Counsel for Court Reporter Dana Dance:***

James S. Bettersworth
The Bettersworth Law Firm
110 W. Faust Street
New Braunfels, Texas 78130
fax: 830-626-1414

/ s / *Mysha Lubke*
Mysha Lubke

NO. 03-15-00107-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

SUZANNA ECKCHUM

Appellant,

v.

THE STATE OF TEXAS FOR THE PROTECTION OF HAL KETCHUM

Appellee.

ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
OF COMAL COUNTY
CAUSE NO. C2014-1690C

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

1.  My name is Suzanna Eckchum, and I am the Appellant in this case. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.  I received first-class mail addressed from the Bettersworth Law Firm on February 26, 2015. On that same date, I received a notice of a certified mailing being held at the post office for pick-up. Exhibit A to this affidavit is a true and correct copy of the envelopes I received on that date.

3.  My only source of income is government assistance. I receive Social Security benefits due to a disability. I also receive SNAP benefits to cover the costs of food monthly. Exhibit B is documentation from the Texas Health and Human Services Commission regarding my Medicare, SNAP Food Benefits, and Social Security benefits. Exhibit C is my 2014 Form SSA-1099 Social Security Benefit Statement.

4.  I receive these government benefits via a debit card provided by the government which also allows me to charge expenses on the same card.

5.  Because my income is provided on a debit card not tied to a bank account, I do not use any bank accounts. I keep a bank account open, but have no funds on deposit.

6. In addition to government assistance for income, I rely on government assistance for healthcare expenses. I receive both Medicare and Medicaid. Exhibit D to this affidavit is a true and correct copy of my Medicaid card.

7. I am receiving pro bono legal assistance with my appeal and my appellate attorney has not agreed to advance costs of appeal. There is no contingent fee.

8. I am unemployed, but have pursued work as a photojournalist for decades. I am also a radio host at a non-profit radio station which is an unpaid position. I am a singer-songwriter, but due to my disability—multiple sclerosis—I have not been able to earn any money from my music since before 2010.

9. I own a 1993 Honda Accord LX that I purchased in 2008 for $1,500. It is in poor condition, and I cannot afford to repair it. Because it is my only source of transportation to doctors appointments and in seeking employment, I cannot sell it. There is very limited and unreliable public transportation in Wimberley, Texas that cannot transport me to my doctor's appointments in Northwest Austin, Texas.

10. I own no other property of any value and live in a rented motor home.

11. I owe tens of thousands of dollars of debt and cannot obtain a loan for court costs.

12. Because I am unemployed, rely on government assistance, am indebted, poor, and struggling, I cannot afford the costs of appeal, including the cost of a court reporter's record.

I verify that the statements made in this affidavit are true and correct.

_____
Affiant

BEFORE me, <u>Melissa V. De Pagter,</u> Notary Public, on this day personally appeared <u>Suzanna Eckchum</u>, known to me through <u>personal knowledge</u> to be the person whose name is subscribed to the foregoing instrument .

SUBSCRIBED AND SWORN TO BEFORE ME, on March 6, 2015.

MELISSA VELMA DE PAGTER
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MAY 31, 2018

_____
NOTARY PUBLIC, STATE OF TEXAS

Melissa V. De Pagter
_____
Printed Name

My commission Expires: 5/31/2018

Active 18060973.1                                          2

# EXHIBIT A



The Bettersworth Law Firm
110 W. Faust Street
New Braunfels, TX 78130

SAN ANTONIO
TX 780
23 FEB '15
PM 2 L

$0.69⁰
US POSTAGE
FIRST-CLASS
FROM 78130
FEB 23 2015
stamps.com

Suzanna Eckchum
PO Box 476
Wimberley TX 78676-0476



The Bettersworth Law Firm
110 W. Faust Street
New Braunfels, TX 78130



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7013 3020 0002 0978 9193

$6.69⁰
US POSTAGE
FIRST-CLASS
FROM 78130
FEB 23 2015
stamps.com

Suzanna Eckchum
PO Box 476
Wimberley TX 78676-0476



1st NOTICE _____
2nd NOTICE _____
RETURNED _____

# EXHIBIT B

HHSC - MIDLAND
PO BOX 14900
MIDLAND TX 79711-4900



**TEXAS**
Health and Human
Services Commission

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability, call 7-1-1 or any relay service.

**All numbers are free to call.**

**Date:** **02/11/2015**

**Case Number:** 1018379010

SUZANNE ECKCHUM
PO BOX 476
WIMBERLEY TX 78676-0476

# Notice about your case:

## Medicare Savings Program

| Who is in a Medicare Savings Program | | |
|---|---|---|
| Name | EDG Number and Benefit | Date |
| Suzanne Eckchum | 605358744 MC - QMB | 12/01/2014 - Ongoing |

## Facts we have about your case:

| Money coming into your home (income) | | | | |
|---|---|---|---|---|
| Month | Person who gets the money | Type of money | Where the money comes from | Monthly amount before taxes (gross) |
| March 2015 | Suzanne Eckchum | Unearned Income | RSDI | $ 766.00 |

## SNAP Food Benefits

**EDG number: 604200638**

| Who gets SNAP Food Benefits | | |
|---|---|---|
| Name | Date | Monthly Amount |
| Suzanne Eckchum | 03/01/2015 - 02/29/2016 | $ 194.00 |

2221

# Facts we have about your case:

| Money coming into your home (income) | | | | |
|---|---|---|---|---|
| Month | Person who gets the money | Type of money | Where the money comes from | Monthly amount before taxes (gross) |
| March 2015 | Suzanne Eckchum | Unearned Income | RSDI | $ 766.00 |

| Costs that lower your income (deductions) | | | |
|---|---|---|---|
| Month | Type of cost | Cost | Deduction |
| March 2015 | Shelter | $ 938.00 | $ 632.50 |

2222

# EXHIBIT C

Social Security benefits are taxable.    2014" – shows the total amount    Amount in Box 4.

# FORM SSA-1099 – SOCIAL SECURITY BENEFIT STATEMENT

## 2014
- PART OF YOUR SOCIAL SECURITY BENEFITS SHOWN IN BOX 5 MAY BE TAXABLE INCOME.
- SEE THE REVERSE FOR MORE INFORMATION.

| Box 1. Name | Box 2. Beneficiary's Social Security Number |
|---|---|
| SUZANNE ECKCHUM | 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 |

| Box 3. Benefits Paid in 2014 | Box 4. Benefits Repaid to SSA in 2014 | Box 5. Net Benefits for 2014 *(Box 3 minus Box 4)* |
|---|---|---|
| $9,047.60 | NONE | $9,047.60 |

| DESCRIPTION OF AMOUNT IN BOX 3 | | DESCRIPTION OF AMOUNT IN BOX 4 |
|---|---|---|
| Paid by check or direct deposit | $9,572.10 | NONE |
| Medicare Part B premiums deducted from your benefits | $419.60 | |
| Total Additions | $9,991.70 | |
| Subtract | | |
| Non-taxable payments | $944.10 | |
| Benefits for 2014 | $9,047.60 | |

**Box 6. Voluntary Federal Income Tax Withheld**

NONE

**Box 7. Address**

SUZANNE ECKCHUM
PO BOX 476
WIMBERLEY TX 78676-0476

**Box 8. Claim Number** *(Use this number if you need to contact SSA.)*

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A

Form **SSA-1099-SM** (1-2015)

DO NOT RETURN THIS FORM TO SSA OR IRS

# EXHIBIT D

**Your Texas Benefits**
Health and Human Services Commission

QMB

## Medicaid ID Card

Member Name:
SUZANNA ECKCHUM

Member ID (Medicaid ID):


Issuer ID:(80840)
610258

RxBIN: 610084
RxPCN: DRTXPROD
RxGRP: MEDICAID

Date card sent:
11/23/12