**CONDITIONALLY GRANT and Opinion Filed November 30, 2022**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-22-00486-CV

### IN RE BARBARA JOHNSON, Relator

---

**Original Proceeding from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-14794**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Goldstein
Opinion by Justice Goldstein

In this mandamus proceeding, relator (Mother) challenges the trial court's September 12, 2021 order denying Mother's request for de novo review of the associate judge's April 26, 2021 report in the underlying SAPCR proceeding. According to Mother, the trial court abused its discretion by dismissing her request for de novo hearing as untimely because (1) she did not receive notice of the associate judge's ruling or of her right to a de novo hearing, (2) the trial court failed to consider her counsel's vacation letter, and (3) real party in interest Joseph Johnson (Father) waived his objection to the timeliness of Mother's request for a de novo hearing. We conditionally grant mandamus relief.

# BACKGROUND

Mother and Father were divorced in 2011. As part of a settlement agreement, Father agreed to pay monthly child support in the amount of $1,141 for the benefit of their adult disabled son. In 2020, Father filed a petition in the trial court seeking to modify the amount of support. The trial court referred the matter to an associate judge, and a hearing on Father's modification petition was held on April 23, 2021. At the end of the hearing, the associate judge took the matter under advisement. Immediately after the hearing, Mother filed a "Supplemental Vacation Letter" stating that her counsel would be out of the office from April 23, 2021, through May 7, 2021. On April 26, the associate judge entered an "Associate Judge's Report" finding that Father's child–support obligation should be reduced to $800 per month.

On May 6, 2021, Mother filed her "Notice of Appeal of Associate Judge[']s Order on Temporary Order." In the notice of appeal, Mother stated that her counsel was "outside the country in another continent" and did not have internet access. The notice also stated that Mother herself was unaware of the ruling.

On June 25, 2021, the trial court held a hearing on Mother's de novo appeal. At the hearing, the parties appeared in person and by and through their legal counsel. After opening statements, Father raised a "housekeeping" issue related to the timeliness of Mother's notice of appeal, arguing that it was filed after the three-working-day deadline. *See* TEX. FAM. CODE ANN. § 201.015(a). In response, Mother argued that Father waived the issue by failing to raise it at the "appeal conference"

and, alternatively, that the notice of appeal was timely. As to the second argument, Mother's counsel stated in open court: "On April 24th I left the country, in another continent. I have no access to my phone. I have no access to the office whatsoever. I come back. When I come back, I immediately find out that there is a ruling and I file an appeal within three working days." Counsel also contended that the trial court failed to provide Mother with notice of the right to a de novo hearing either at the April 23 hearing or by posting it outside the courtroom. *See id.* § 201.012. At the end of the hearing, the trial court ruled that the de novo appeal was dismissed as untimely.

Mother filed a motion, and then an amended motion, to reconsider. On September 12, 2021, the trial court entered its "Order on De Novo Appeal of the Associate Judge's Ruling." In the order, the trial court found that (1) the associate judge entered the ruling on temporary orders on April 26, 2021; (2) Mother filed her notice of appeal of the associate judge's order on May 6, 2021; and (3) Mother did not timely file her de novo appeal pursuant to § 201.015 of the Family Code. The trial court thus denied and dismissed Mother's de novo appeal as untimely. This original proceeding followed.[1]

---

[1] This is Mother's second petition for writ of mandamus. The first petition was filed on November 5, 2021. We denied the petition without prejudice because not all of the documents included in the mandamus record were sworn or certified by the trial court clerk. *See In re Johnson*, No. 05-21-00969-CV, 2022 WL 1498123, at *1 (Tex. App.—Dallas May 12, 2022, orig. proceeding) (mem. op.) (citing TEX. R. APP. P. 52.7(a)).

**DISCUSSION**

Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court has clearly abused its discretion and (2) there is no adequate appellate remedy. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (per curiam) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). In particular, mandamus review is available for complaints regarding notice of the right to appeal to the judge of the referring court, *see Waddell v. Huckabee*, 807 S.W.2d 455, 458 (Tex. App—Houston [1st Dist.] 1991, orig. proceeding), as well as where a trial court fails to hold a timely requested de novo hearing, *see In re Talley*, No. 07-15-00198-CV, 2015 WL 3856400, at *2 (Tex. App.—Amarillo June 22, 2015, orig. proceeding) (mem. op.) (citing *In re Jones*, No. 05-07-00879-CV, 2007 WL 2258517, at *1 (Tex. App.—Dallas Aug. 8, 2007, orig. proceeding) (mem. op.)).

Chapter 201 of the Family Code governs the authority and responsibilities of an associate judge. *See* TEX. FAM. CODE ANN. §§ 201.001 *et seq.* When a matter is referred to an associate judge, the associate judge has the power to, among other things, conduct a hearing, take evidence, make findings of fact and conclusions of law, and enter temporary or final orders. *See id.* § 201.007(a)(1), (8)–(9), (14). After ruling on the referred matter, the associate judge must provide a written report to the referring court, including any proposed order. *See id.* § 201.011(e). Additionally, the parties are entitled to two separate notices: (1) notice of the substance of the associate

judge's report and (2) notice of the right to de novo hearing before the referring court. *See id.* §§ 201.011(b), 201.012(a). Any party may then:

> request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third working day after the date the party receives notice of: (1) the substance of the associate judge's report as provided by Section 201.011; or (2) the rendering of the temporary order, if the request concerns a temporary order rendered by an associate judge under Section 201.007(a)(14)(C).[2]

*See id.* § 201.015(a).

In her first issue, Mother contends that she did not receive either of the notices to which she was entitled until May 5, 2021, and argues that her May 6 request for de novo hearing was therefore timely. In support of her contention, Mother cites her counsel's statements at the June 25 hearing and her counsel's affidavit, which was attached to her motion to reconsider. Father does not directly address either the affidavit or counsel's statements at the hearing; rather, he argues generally that there was no evidence supporting Mother's contention that her counsel first received notice of the report on May 5. Alternatively, Father argues that Mother received notice of the report on April 26, 2021 and in support attaches an email purportedly sent to the parties by the associate judge on that date.

---

[2] Father contends the associate judge entered a temporary order on July 27, 2021, and argues Mother should have filed a second request for a de novo hearing. The temporary order is not included in the mandamus record and is therefore not properly before us. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(b). Even if the temporary order were in the record and related to the same subject matter as the report, nothing in Section 201.015 of the Family Code suggests that a party must file more than one request before being entitled to a de novo hearing. *See* TEX. FAM. CODE ANN. § 201.015(a). We do not opine as to whether Mother's May 6 request was timely relative to the July 27 temporary order as Mother does not raise the argument here.

We begin with Father's first argument. In its September 12 order denying Mother's request for a de novo hearing, the trial court recited that: it held a hearing on June 25, 2021; "heard the evidence"; and "considered the pleadings [and] arguments of counsel." The June 25 hearing began as the de novo hearing Mother had requested. But before any witnesses were sworn, Father's counsel raised the timeliness objection. The remainder of the hearing was dedicated to resolving the objection. Mother's counsel first argued that Father had waived the objection:

> MR. NDUKWE: First of all, Judge, we already had an appeal conference. If there were any objections they might have, they cannot be raising this objection now. They waive any objection they may have had at the time we have an appeal conference . . .
>
> . . . .
>
> Okay. Judge, we have an appeal conference with you, I believe, a few weeks ago. I can't remember the date.
>
> THE COURT: Yes.
>
> MR. NDUKWE: The purpose of appeal conference is for you to raise any objection or issue you might have. They did not raise this issue there. They cannot raise it now. This issue is not jurisdictional. This is housekeeping, so it's not jurisdictional. They're supposed to raise this issue at the conference. They did not raise it; therefore, they waived it.

Next, Mother's counsel argued that the request was timely because it was filed within three working days of his receiving notice:

> [MR. NDUKWE:] However, if, for some reason, the Court says they did not raise it [sic], I want to address their issue.
>
> The hearing was held on April 23rd. On April 24th I left the country, in another continent. I have no access to my phone. I have no access to the office whatsoever. I come back. When I come back, I immediately find out that there is a ruling and I file an appeal within three working days.

–6–

And the fact is they allowed me to file an appeal when I became aware, when I received the notice that a ruling had been rendered, and that's exactly what happened. So the appeal is timely.

Judge, you should take judicial notice of what I'm saying. Section 201.015, the Family Code, and I can read it to the Court and for the record. "A party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the third day -- three working days after the date the party received one -- the substance of the associate judge's report provided."

The second one, the granting of the temporary order. I'm not going to read the second one, I'm just -- my opinion was based on Subsection 1. When I received it, when I became aware it, as I told you, I was in Africa on another continent. I didn't receive it until I came back and I filed it within three working days.

THE COURT: Okay. So Mr. Ndukwe, I do see your vacation letter in the file; however, I don't believe that that affects the statute regarding appealing within three working days. So if Ms. Blackstock is stating that they do not want to go forward because of the untimely filing of the notice, I will grant that request. Anything further, counsel?

MS. BLACKSTOCK: Thank you, Your Honor.

MR. NDUKWE: Judge, just let me just clear one matter. Are you saying that I didn't file three working days when I received the notice of the associate judge's –

THE COURT: Yes.

Finally, Mother's counsel argued that, in addition to the Section 201.011 notice, she was also entitled to notice of her right to appeal under Section 201.012, which she also received on May 5.

Because no witnesses were sworn and no documents were introduced as evidence, we presume the statement in the September 12 order that the trial court "heard the evidence" refers to the unsworn testimony by Mother's counsel.

–7–

Ordinarily, statements of counsel must be made under oath to be considered evidence. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). The oath requirement can be waived, however, when "the opponent knows or should know that an objection is necessary" and fails to object. *Id.* An objection is necessary, for example, "in circumstances that clearly indicate[] [counsel is] tendering evidence on the record based on personal knowledge on the sole contested issue." *Mathis v. Lockwood*, 166 S.W.3d 743, 744–45 (Tex. 2005) (per curiam).

Here, once Father lodged his objection, the "sole contested issue" was the timeliness of Mother's request. Father did not object to or contest counsel's factual statements, so we must decide whether Father knew or should have known that an objection was necessary. *See Banda*, 955 S.W.2d at 272. We answer that question in the affirmative. Counsel's statements—about his trip to Africa, his lack of access to his cell phone and his office, and his becoming aware of the report for the first time when he returned to the United States—were factual statements within his personal knowledge and to which only he could attest. The evidentiary nature of these statements was obvious. *See Ne. Tex. Staffing v. Ray*, 330 S.W.3d 1, 3 n.3 (Tex. App.—Texarkana 2010, no pet.) (concluding that counsel's unsworn explanation regarding service was testimony to which opponent was required to object). We note also that Father was aware of Mother's position on timeliness. Mother filed her request for a de novo hearing on May 6 and, apparently anticipating a timeliness objection, included an explanation for why the request was timely. Specifically, the

request states that Mother's counsel left the country on April 23, was "in another continent . . . where he is not accessible [sic] to any internet to even know that ruling had been issued[,]" and "returned to Texas and became aware of the ruling" on May 5, 2021. While this document is not itself evidence, it is relevant here because it placed Father on notice that, if called to explain the timeliness of her request, Mother would rely on her counsel's testimony. From May 6 until June 25, Father did not file an objection, a motion to strike or quash the request, or any other written instrument that would apprise Mother and the trial court of Father's objection. Father also did not contest the allegation that he failed to raise his objection at the "appeal conference" held before the hearing. Because Father waited until the hearing to raise an objection that could be countered only by testimony from Mother's counsel, Father should have anticipated that Mother's counsel would provide such testimony. *See Mathis*, 166 S.W.3d at 745 (oath requirement waived where counsel's statements regarding receipt of notice were not objected to in circumstances that clearly indicated counsel was tendering evidence on the record based on personal knowledge). We therefore reject Father's no-evidence argument and conclude that Mother's counsel's statements at the June 25 hearing constituted testimonial evidence.[3]

---

[3] We note that in his affidavit in support of Mother's motion to reconsider, Mother's counsel provided substantially the same facts as he testified to at the June 25 hearing. Because we conclude the trial court could rely on Mother's counsel's hearing testimony, we do not reach whether the trial court could consider the affidavit as evidence.

We now turn to Father's alternative argument that Mother received notice of the report when the associate judge emailed it to the parties on April 26, 2021. Father argues that the notice methods listed in Section 201.011[4] are non-exhaustive; that notice by email under Civil Procedure Rules 21 and 21a is an adequate alternative; and that Mother received notice on April 26 because under Rule 21a, email notice is deemed complete when sent. *See* TEX. R. CIV. P. 21, 21a. We reject this argument. Father included the email in the appendix to his mandamus response. The exhibit, however, is not a properly sworn or certified copy as required by our rules. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.4, 52.7(a)(1), 52.7(b); *see also In re Paris Indep. Sch. Dist.*, No. 06-21-00081-CV, 2021 WL 4848638, at \*2 n.6 (Tex. App.—Texarkana Oct. 19, 2021, orig. proceeding) (mem. op.) (declining to consider purported trial court order attached to mandamus response that was not certified or sworn pursuant to appellate rule 52.3(k)). Because the record in a mandamus proceeding is assembled by the parties, this Court strictly enforces the authentication requirements of Rule 52 to ensure the integrity of the mandamus record. *In re Meehan*, No. 05-21-00337-CV, 2021 WL 2943938, at \*1 (Tex. App.—Dallas July 13, 2021, orig. proceeding) (mem. op.); *see also In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—

---

[4] Under Section 201.011, notice of the substance of the associate judge's report "may be given to the parties: (1) in open court, by an oral statement or a copy of the associate judge's report, including any proposed order; (2) by certified mail, return receipt requested; or (3) by facsimile transmission." TEX. FAM. CODE ANN. § 201.011(c). Subsection (d) provides: "There is a rebuttable presumption that notice is received on the date stated on: (1) the signed return receipt, if notice was provided by certified mail; or (2) the confirmation page produced by the facsimile machine, if notice was provided by facsimile transmission." *Id.* § 201.011(d).

Dallas 2008, orig. proceeding). Thus, we conclude the email is not properly before us.

Second, there is no indication that the email was ever brought to the attention of the trial court. Section 201.015 of the Family Code provides that the requesting party must file the request within three working days from the date that party *receives* the substance of the associate judge's report, not from the date it is sent. *See* TEX. FAM. CODE ANN. § 201.015(a). Under the civil rules, a trial court clerk "may send notices, orders, or other communications about the case to the party electronically" and "[e]lectronic service is complete on transmission of the document to the serving party's electronic filing service provider." TEX. R. CIV. P. 21, 21a. Notice properly sent in compliance with Rule 21a raises a rebuttable presumption that notice was received. *Tactical Air Def. Servs., Inc. v. Searock*, 398 S.W.3d 341, 345 (Tex. App.—Dallas 2013, no pet.) (citing *Mathis*, 166 S.W.3d at 745). But the presumption does not arise absent a showing that notice was in fact given. *See In re M.A.H.*, 98 S.W.3d 745, 748 (Tex. App.—Waco 2003, no pet.) ("No presumption of due receipt arises absent a showing that the notice was 'properly addressed.'"); *Jimmy Swaggart Ministries v. City of Arlington*, 718 S.W.2d 83, 86 (Tex. App.—Fort Worth 1986, no writ) (presumption of receipt may arise by direct evidence of proper mailing or an inference supported by evidence showing the customary mailing practice in connection with the sender's address).

Here, the email was not offered as evidence in the June 25 hearing, nor was there any other evidence that the associate judge notified the parties of the substance of his report. The only discussion regarding the timing of the report was related to the date the report was issued. For example, in making the timeliness objection, Father's counsel stated that "the associate judge's report came out on April 26th and [Mother's] appeal was filed on May 6th." Mother's counsel similarly stated that the report "was issued on I believe – what day was this? On April 26, 2021." Therefore, assuming without deciding that electronic service under Rule 21a is a valid substitute to the notice methods provided in Section 201.011 of the Family Code, we conclude that the presumption of receipt did not arise.

The undisputed evidence at the June 25 hearing established that the first date on which Mother received notice of the substance of the associate judge's report was May 5, 2021, the day after Mother's counsel returned to the United States from overseas. Mother's May 6 request for a de novo hearing was therefore timely. *See* TEX. FAM. CODE ANN. § 201.015. We conclude the trial court abused its discretion in denying Mother's request for a de novo hearing. Because we sustain Mother's first issue, we do not reach her remaining issues. *See* TEX. R. APP. P. 47.1.

We next consider whether Mother has an adequate remedy by appeal. *See In re Copart, Inc.*, 619 S.W.3d at 713. The referring court's failure to hold a de novo hearing after a request is timely filed is presumed harmful. *In re Talley*, 2015 WL 3856400, at *2 (citing *Phagan v. Aleman*, 29 S.W.3d 632, 635 (Tex. App.—Houston

[1st Dist.] 2000, no pet.) (op. on reh'g), and *Att'y Gen. of Tex. v. Orr*, 989 S.W.2d 464, 469 (Tex. App.—Austin 1999, no pet.)). Mandamus is available because such failure constitutes a clear abuse of discretion and remedy by appeal is inadequate to protect this time-designated right. *Id.* (citing *In re Jones*, 2007 WL 2258517, at *1).

We conclude Mother lacks an adequate appellate remedy.

## CONCLUSION

We conditionally grant Mother's petition and direct the trial court to vacate its September 12, 2021 Order on De Novo Appeal of the Associate Judge's Ruling. We are confident the trial court will vacate the order in accordance with this opinion, and the writ will issue only if the trial court fails to do so.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220486F.P05