**Opinion entered July 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00801-CV

### JAY SANDON COOPER, Appellant

### V.

### JUDGE PAUL MCNULTY, Appellee

### On Appeal from the 219th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 219-01611-2015

## MEMORANDUM OPINION ON MOTION TO REVIEW TRIAL COURT ORDER SUSTAINING CONTEST TO AFFIDAVIT OF INDIGENCE
Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Justice Stoddart

Before the Court is Jay Sandon Cooper's July 16, 2015 motion to review the trial court's July 7, 2015 order sustaining the Collin County District Clerk's contest to his affidavit of indigence.[1] *See* TEX. R. APP. P. 20.1(j). We affirm the trial court's order.

### BACKGROUND

Seeking to proceed on appeal without advance payment of costs, Cooper, appearing pro se, filed his affidavit of indigence contemporaneously with his notice of appeal from orders dismissing the underlying cause and declaring him a vexatious litigant. *See* id. 20.1(c)(1). He

---

[1] Cooper also filed on July 16, 2015 an updated affidavit of indigence, which the district clerk has also contested. The affidavit was not filed with the trial court and does not vary significantly from the affidavit reviewed by the trial court. Because our review is limited to what the trial court had before it, we do not consider it. *See* TEX. R. APP. P. 20.1(j).

alleged in his affidavit that his house was sold at foreclosure in August 2014, although litigation was ongoing; he owned no property with equity or any other assets; he was unable to obtain a loan; and, he had a claim against him by the Internal Revenue Service for $64,000, an amount he disputed. Cooper further alleged his sole source of income is retirement benefits in the amount of $2,586 per month and his total monthly expenses average $2,704. Those expenses consist of approximately $842 for utilities; $100 for home maintenance; $500 for food; $40 for laundry and dry-cleaning; $100 for medical and dental expenses; $328 for transportation, "not including motor vehicle payments" but including "fuel;" $10 for "[r]ecreation, entertainment, newspapers, magazines, etc.;" $93 for "[m]otor vehicle;" approximately $400 for "copies, mail;" and $291 for "Westlaw subscription." The affidavit also listed as monthly expenses $1,026 per month for "[r]ent or home-mortgage payment;" and $200 for insurance, but these expenses were not included in the sum total of $2,704.

Contending Cooper could afford to pay the costs of the appeal, the district clerk timely filed a contest pursuant to Texas Rule of Appellate Procedure 20.1(e) and requested a hearing. *See id.* 20.1(e)(1). At the hearing, the court took judicial notice of the affidavit and considered Cooper's testimony. Cooper did not testify to any additional income or expenses, but explained the amounts for "rent or home-mortgage payment" and insurance were not included in the sum total of expenses because he was not currently paying any rent, mortgage, or insurance premiums. He also explained that the Westlaw subscription was "absolutely a necessity in order to be able to stay in touch and abreast of the law in whatever I am fighting against the United States government and all of their staff, as well as some other legal matters that are attendant to me, including criminal matters that are pending before the Texas Court of Criminal Appeals and such." With regard to the $400 monthly expense for "copies [and] mail," he explained he did not have "a working printer or copier at home, so [he had] to go to Fed Ex, Kinko's, to be able to print and copy and [get] things out to the courts when they are due." He testified he did not

–2–

know the fee for filing the appeal, but knew he could not afford it because he did not have "enough money to buy food for the last day of the month." Asked by counsel for the district clerk whether that was because he "ha[d] prioritized paying money for copying and Westlaw to file other lawsuits and that's how [he] dispose[d] of [his] resources," Cooper replied, "The courts have an expectation that they are going to get their copies, yes."

Noting Cooper identified a monthly income of $2,586 and stated he did not pay any mortgage, rent, property insurance, or taxes, the trial judge found Cooper had "sufficient discretionary funds to pay the appellate fees" and sustained the contest.

## STANDARD OF REVIEW AND APPLICABLE LAW

The test for determining indigence is whether the record as a whole shows "by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008)). In reviewing a trial court's ruling on a contest to an affidavit of indigence, we apply an abuse of discretion standard. *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (per curiam). We will conclude the trial court abused its discretion if it acted without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *Id.*

## DISCUSSION

We have reviewed the record before us and conclude it does not show Cooper "would be unable to pay the costs, or a part thereof, if he really wanted to and made a good-faith effort to do so." *See C.H.C.*, 331 S.W.3d at 429. As the trial judge noted, Cooper's monthly income is $2,586, and he pays no mortgage, rent, property insurance, or taxes. Although his expenses slightly exceed his income, just under a third of those expenses are litigation-related, and admittedly he has prioritized paying for those expenses over other expenses. The trial court did

not abuse its discretion in sustaining the contest. *See Cronen v. Smith*, 812 S.W.2d 69, 71 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding) (no abuse of discretion in sustaining contest to affidavit where relator had expected income of approximately $989 per month in worker's compensation and he was unable to look for work and work regularly because of "the numerous lawsuits [he had voluntarily filed] against various governmental entities in Harris County). Accordingly, we affirm the trial court's order.

Having concluded the trial judge did not abuse his discretion in sustaining the contest, we **ORDER** Cooper to pay, or make arrangements to pay, for the clerk's and court reporter's records no later than August 24, 2015. We further **ORDER** him to file, no later than August 31, 2015, written verification that he has paid or made arrangements to pay for the record. We caution Cooper that failure to pay for the reporter's record will result in this appeal being submitted without that record; failure to pay for the clerk's record will result in dismissal of this appeal without further warning. *See* Tex. R. App. P. 37.3(b),(c), 42.3(b),(c).


/Craig Stoddart/
CRAIG STODDART
JUSTICE

150801F.P05

–4–