*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

**OPINION**

No. 04-08-00758-CV

Ray **BASALDUA**,
Appellant

v.

Harold L. **HADDEN** and Sandra Hadden,
Appellees

From the 81st Judicial District Court, Frio County, Texas
Trial Court No. 06-09-00303CVF
Honorable Donna S. Rayes, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice

Delivered and Filed:   April 15, 2009

ORDER SUSTAINING CONTEST TO AFFIDAVIT OF INDIGENCE AFFIRMED

Ray Basaldua challenges the trial court's order sustaining the contest to his affidavit of indigence and finding his appeal to be frivolous. Because we hold that the trial court did not abuse its discretion in sustaining the contest to Basaldua's affidavit of indigence, we do not address the trial court's frivolous finding as it is not necessary to our disposition. *See* TEX. R. APP. P. 47.1.

## JURISDICTION

By cross-point, the appellees contend that Basaldua's appeal of the trial court's order sustaining the contest to his affidavit of indigence should be dismissed for lack of jurisdiction. The appellees cite opinions from three of our sister courts holding that an appellant must file a separate notice of appeal if the appellant seeks to challenge the trial court's order sustaining the contest of an indigency affidavit. *See, e.g., Gonzales v. State*, No. 13-05-690-CR, 2008 WL 4152002, at *1 (Tex. App.—Corpus Christi May 29, 2008, no pet.); *Duncan v. State*, 158 S.W.3d 606, 607 (Tex. App.—Waco 2005, no pet.); *Rodgers v. Mitchell*, 83 S.W.3d 815, 817-18 (Tex. App.—Texarkana 2002, no pet.); *Baughman v. Baughman*, 65 S.W.3d 309 (Tex. App.—Waco 2001, pet. denied); *Nelson v. State*, 6 S.W.3d 722, 725-26 (Tex. App.—Waco 1999, no pet.), *rev'd on other grounds*, *Duncan v. State*, 158 S.W.3d 606, 607 (Tex. App.—Waco 2005, no pet.). Because Basaldua did not file a separate notice of appeal, the appellees assert that we do not have jurisdiction to consider Basaldua's complaint regarding the order sustaining the contest.

All of the aforecited opinions appear to rely on the Waco court's holding in *Nelson* in which the Waco court compared the appeal of an indigence determination with an appeal of a trial court's ruling on a request for bond pending appeal. 6 S.W.3d at 725-26. Noting that it had held a separate notice of appeal was required when a defendant-appellant desired to challenge a trial court's ruling on a request for bond pending appeal, the Waco court concluded that it "believe[d] that a separate notice of appeal is also required when a defendant desires to appeal from an order denying a free record." *Id*. at 726.

Although the Texarkana and Corpus Christi courts elected to follow the Waco court's decision, the Amarillo court reached the opposite conclusion and held that a separate notice of appeal is not required. *See In re Marriage of Gary*, No. 07-01-0466-CV (Tex. App.—Amarillo Aug. 7, 2002, order). We agree with the Amarillo court's holding and the analysis in both the majority and concurring opinions. *See Ramirez v. State*, Nos. 04-00-00031-CR, 04-00-00037-CR & 04-00-00199-CR, 2000 WL 794157, at *1 (Tex. App.—San Antonio June 21, 2000, order) (not designated for publication) (stating separate notice of appeal is not required to secure review of a trial court order denying a free record).

In concluding that a separate notice of appeal was not required to appeal a trial court's order sustaining a contest to an indigency affidavit, the Amarillo majority reasoned:

> Procedural simplicity is not determinative of whether appellate jurisdiction has been invoked by a litigant. However, allowing Susanne to challenge the order as part of her existing appeal from the judgment eliminates a source of possible confusion about the number of records required to be filed, docketing of and filings in more than one appeal from a single substantive trial court case, considerations of whether severance or consolidation of appeals should occur, and similar practical issues. *See, e.g., B.J.M. v. State*, 997 S.W.2d 626, 627 (Tex. App.—Dallas 1998, no pet.). Moreover, considering the validity of such an order without requiring a separate notice of appeal reduces the number of "traps" which must be avoided by litigants seeking appellate review. *See Verburgt*, 959 S.W.2d at 618 n.2 (Enoch, J., dissenting) (thrust of the 1997 rules of appellate procedure is to eliminate traps).
>
> But for Susanne's appeal from the judgment, she would not have needed to file her affidavit. Regardless of whether the order sustaining the contest to Susanne's affidavit is an appealable order in of itself and could be appealed via a separate notice of appeal directed solely to the order, *see* TRAP 25.1(c); *Baughman*, 65 S.W.3d at 311, we conclude that Susanne's appeal from the order sustaining the contest is ancillary to her appeal from the judgment, and a separate notice of appeal was not required. *See In re Arroyo*, 988 S.W.2d at 738-39.

*In re Marriage of Gary*, No. 07-01-0466-CV, slip op. at 5-6. In a concurring opinion, Justice Brian Quinn further expanded on the reasons a separate notice of appeal is not required. *In re Marriage*

-3-

*of Gary*, No. 07-01-0466-CV, slip op. at 1-3 (Quinn, J., concurring). Because the Amarillo court's

opinion is not available on its website or electronically[1] and because we adopt Justice Quinn's

reasoning, we quote the full text of the concurring opinion:

> I concur in the opinion and result of the majority but write to express my disagreement with aspects of *Ro[d]gers v. Mitchell*, [83 S.W.3d 815 (Tex. App.—Texarkana 2002, no pet.)] and *Baughman v. Baughman*, 65 S.W.3d 309 (Tex. App.—Waco 2001, pet. denied). For the following reasons, analysis leads me to respectfully conclude that both decisions incorrectly hold that a separate notice of appeal is needed to perfect review of a decision upholding a contest to an affidavit of indigence.
>
> First, no rule of appellate procedure or statute requires one to file a separate notice of appeal to perfect review of decisions denying leave to proceed as an indigent. And, I hesitate to create any such obstacle to appeal when neither the legislature not the Supreme Court has created one.
>
> Second, when discussing the method by which an appellant can question such a determination, the Texas Supreme Court held that "the court of appeals can and should, on motion or its own initiative, require the clerk and the court reporter under Rules 34.5(c)(1) and 34.6(d), respectively, to prepare and file the portions of the record necessary to review an order sustaining a contest to an affidavit of indigence." *In re Arroyo*, 988 S.W.2d 737, 739 (Tex. 1998). The two rules of appellate procedure mentioned by the court, *i.e.* 34.5(c)(1) and 34.6(d), contemplate the supplementation of a record in a pending appeal, not creation of a record in a separate appeal. This, when coupled with the context in which they were alluded to in *Arroyo*, necessarily implies that a dispute regarding an appellant's status as an indigent be reviewed as part of or ancillary to the original appeal, not as a distinct issue in a separate appeal. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (holding that the court would "review the issue as a matter ancillary to appellant's appeal").
>
> Third, addressing the matter as ancillary to the pending appeal (and not via a distinct appeal) comports with the common accepted principle that a notice of appeal from a final judgment brings forward the entire case, not merely aspects of it. *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972); 4 TEX. JUR. 3D *Appellate Review* § 226 (1999). And, one cannot reasonably deny that a trial court's decision denying one leave to proceed on appeal as an indigent is a decision constituting part of the entire case.

---

[1] Although the opinion has a Westlaw citation, *In re Marriage of Gray*, 2002 WL 1806800 (Tex. App.—Amarillo Aug. 7, 2002, order), the text of the opinion is not available but only the following notation appears, "Not intended for print or electronic publication."

Neither *Ro[d]gers* nor *Baughman* consider the reference in *Arroyo* to Rules 34,5 and 34.6, the holding in *Arevalo*, or the general principle enunciated in *Webb*. Because they did not, I respectfully conclude they erred in holding that a separate notice of appeal was needed to perfect review of a decision refusing to grant one the status of an indigent on appeal. The original notice of appeal from the final judgment is enough to bring the matter before the appellate court, in my view.

*Id*.

In *In re G.C.*, 22 S.W.3d 932, 933 (Tex. 2000), the Texas Supreme Court noted that the appellant was uncertain how to present the issue of the trial court's order sustaining a contest to the appellate court, and the appellee had challenged the procedure the appellant used. The court asserted, "In *Arroyo*, we prescribed the procedure by which courts of appeals can and should obtain portions of the record necessary to review an indigence order." *Id*. The court then concluded that the appellate court "essentially followed this procedure correctly." *Id*. Noticeably absent from the court's discussion is any reference to a separate notice of appeal. *See id*. Moreover, requiring a separate notice of appeal in these circumstances would be contrary to the Texas Supreme Court's policy of "interpret[ing] the Rules of Appellate Procedure liberally in favor of preserving appellate rights." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008). Accordingly, we overrule the appellees' cross-point and hold that we have jurisdiction to consider the trial court's order sustaining the contest to Basaldua's affidavit of indigence.

## ORDER SUSTAINING CONTEST

A party may appeal as an indigent by filing an affidavit of indigence pursuant to Rule 20.1 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 20.1. If the affidavit is contested, the burden is on the applicant to prove indigence by a preponderance of the evidence. *Higgins*, 257 S.W.3d at 686; *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied).

In the trial court, the test for determining indigence is whether the record as a whole shows by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so. *Higgins*, 257 S.W.3d at 686; *White*, 40 S.W.3d at 576. When a trial court sustains a contest, we review the trial court's order under an abuse of discretion standard. *White*, 40 S.W.3d at 576. An abuse of discretion occurs only when the trial court acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id*.

In his affidavit of indigence, Basaldua estimated the cost of the clerk's record for this appeal would be $300.00, and the cost of the reporter's record would be $300.00. During the hearing, Basaldua stated that the actual cost of the reporter's record would be $450.00. We note that the clerk's record has already been filed.

Basaldua's affidavit states that he makes $500.00 each month; however, during the hearing, he stated he had not "been able to work as much as [he] should work" because he had various lawsuits pending. He admitted that he was physically able to work; however, he had not applied for any jobs because hiring an attorney to pursue his lawsuits rather than pursuing them himself would be more expensive. *See Rodgers v. Mitchell*, 83 S.W.3d 815, 819 (Tex. App.—Texarkana 2002, no pet.) (noting voluntary unemployment may be considered in determining indigence). He also admitted that he can make $1,500.00 in some months. Although Basaldua's affidavit states that his expenses are $400.00 per month, the total expenses actually listed were only $390.00, and that amount included $40.00 in entertainment expenses. Finally, Basaldua admitted that he had paid $1,100.00 in trial court costs in the underlying cause.

## CONCLUSION

The trial court did not abuse its discretion in sustaining the contest to Basaldua's affidavit of indigence; therefore, we affirm the trial court's order.

PER CURIAM