MOTION DENIED; Opinion issued November 1, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00944-CV

## IN THE INTEREST OF P.E., C.E., AND S.E., CHILDREN

On Appeal from the 301st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-10-5399

# MEMORANDUM OPINION ON MOTION TO REVIEW TRIAL COURT ORDER SUSTAINING CONTEST TO AFFIDAVIT OF INDIGENCE

Before Chief Justice Wright, Justice Francis, and Justice Lang-Miers
Opinion By Justice Lang-Miers

Before the Court is Father's motion to review the trial court's order sustaining the court reporter's contest to his affidavit of indigence. We conclude the trial judge did not abuse her discretion in sustaining the contest and deny Father's motion.

## BACKGROUND

Father, pro se at the time, filed his affidavit following final summary judgment in favor of appellee, Father's former attorney, on appellee's petition for attorney's fees. Father used a pre-printed affidavit form which included sections concerning (1) the amount and sources of income, (2) debts and expenses, and (3) property owned. Father averred he was unable to pay court costs and indicated in his affidavit that he received $790 each month in public benefits including supplemental social security disability income (SSI). He also indicated he owned a car valued at $1,000 and had

$2840 in monthly expenses consisting of "rent/house payments/maintenance," food and household supplies, utilities and telephone, "transportation, auto repair, gas," and clothing and laundry.

Seeking "competent evidence" other than the affidavit, the court reporter contested the affidavit, and the trial court held a hearing. Father, the sole witness and represented then by pro bono counsel, testified upon questioning by the court reporter and appellee's counsel that he lived with his wife and children; that his wife worked as a nurse's aide making $9 an hour and had made $16,819 the previous year; that he received $698 in SSI benefits each month; and that he owed approximately $38,000 in student loans. He testified further that he owned a house valued by the county appraisal district at $115,000 and two cars. He explained, though, that the house "had been placed . . . on short sale " because he was behind on his mortgage payments, and one of the cars was inoperable. Upon questioning by his counsel, Father explained he had not included his wife's income in his affidavit because he did not know what it was at the time he completed the affidavit. He became aware of her income the day before the hearing, when they filed their tax return. Father also testified he had a joint checking account with his wife and had received assistance from Dallas County and the Salvation Army to pay his utility bills.

During the questioning by Father's counsel, the trial judge observed that there "seem[ed] to be some real discrepancies" between the affidavit and testimony. Appellee's counsel then urged the trial judge to disregard the affidavit. Father's counsel responded that there were no discrepancies, just omissions and that the omissions were "to [Father's] detriment" and not of "something" that "benefitted" Father. Disagreeing with Father's counsel, the trial judge sustained the contest and specifically found Father had "failed to appropriately prepare [the] affidavit," had "intentionally and knowingly filed . . . a false affidavit," and had "intentionally and knowingly left out [wife's] income, . . . information concerning his vehicles, . . . information about the joint checking account . . . [and

information about] the real estate."

## STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a contest to an affidavit of indigence for abuse of discretion. *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.–San Antonio 2009, no pet.) (per curiam). We will conclude the trial court abused its discretion if it acted without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *Id.* As the fact-finder, the trial court is the sole judge of the credibility of the witnesses and evidence. *In re A.R.*, 236 S.W.3d 460, 471 (Tex. App.—Dallas 2007, no pet.) (op. on reh'g). We may not reverse the trial court's decision simply because we might have reached a different result. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

## DISCUSSION

Given the record before us, we cannot conclude the trial judge abused her discretion in sustaining the contest. The trial judge's ruling was based on her assessment of Father's credibility. Although Father explained his reasons for omitting certain information and provided information omitted from the affidavit during his testimony, the trial judge observed Father's demeanor and appearance as he testified, and as the fact-finder, evaluated his credibility. We will not substitute our judgment for that of the trial judge. Accordingly, we deny Father's motion.

Having concluded the trial judge did not abuse her discretion in sustaining the contest, we **ORDER** Father to pay, or make arrangements to pay, for the clerk's and court reporter's records within twenty (20) days of the date of this opinion.

We caution Father that failure to pay for the reporter's record will result in this appeal being submitted without that record; failure to pay for the clerk's record will result in dismissal of this appeal without further warning. *See* TEX. R. APP. P. 37.3(b), (c), 42.3 (b),(c).

ELIZABETH LANG-MIERS
JUSTICE

120944F.P05