**ORDER REVERSED and Opinion Filed April 26, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00370-CV

### IN THE INTEREST OF B.T.G., A CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-12707-U**

## MEMORANDUM OPINION ON MOTION TO REVIEW ORDER SUSTAINING CONTEST TO AFFIDAVIT OF INDIGENCE

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Before the Court is appellant's April 19, 2016 motion for review of the trial court's order sustaining a contest to his affidavit of indigence. *See* TEX. R. APP. P. 20.1(j). We review a trial court's order sustaining a contest to an affidavit of indigence for an abuse of discretion. *See Basaldua v. Hadden,* 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (per curiam). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.*

A party who is unable to pay costs on appeal may proceed without advance payment of costs by filing in the trial court an affidavit of indigence detailing such information as the party's income, assets, debts, monthly expenses, and ability to obtain a loan for court costs. *See* TEX. R. APP. P. 20.1(a)(2), (b). The clerk, court reporter, or any party may challenge the affidavit by filing a contest within ten days of the filing of the affidavit. *See* TEX. R. APP. P. 20.1(e)(1). If a

contest is timely filed, the trial court must either conduct a hearing or sign an order extending the time to conduct a hearing within ten days of the filing of the contest. *See* TEX. R. APP. P. 20.1(i)(2)(A). Unless, within the time set for the hearing, the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true and the party will be allowed to proceed without advance payment of costs. *See* TEX. R. APP. P. 20.1(4).

Appellant filed an affidavit of indigence on March 31, 2016. The Dallas County District Clerk filed a timely contest to the affidavit on April 1, 2016. The trial court did not sign a written order extending the time to conduct a hearing. *See* TEX. R. APP. P. 20.1(i). Accordingly, the last day for conducting a hearing and signing an order sustaining the contest was Monday, April 11, 2016, ten days after the date the contest was filed. *See* TEX. R. APP. P. 20.1(i)(2)(A), (4). The trial court held a hearing and signed the order sustaining the contest on April 12, 2016. Because the trial court failed to conduct a hearing and sign a written order within ten days of the filing of the contest, we conclude the trial court abused its discretion in sustaining the contest. Accordingly, the allegations in appellant's affidavit are deemed true, and appellant is allowed to proceed without prepayment of costs. *See* TEX. R. APP. P. 20.1(k), (n). We reverse the trial court's order sustaining the contest.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

160370NF.P05

–2–