# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00708-CV

**Ron Valentine, Sr., Appellant**

**v.**

**Jeremy Jagodzinski and Christi M. Greene, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-12-002634, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

On July 13, 2017, appellant Ron Valentine, Sr., filed a declaration of inability to pay appellate filing fees and any other costs associated with his appeal, cause number 03-17-00497-CV. *See* Tex. R. App. P. 20.1 (when party is indigent in civil cases). On September 13, 2017, we abated the appeal and remanded the cause to the trial court for a determination, if necessary, of Valentine's ability to afford payment of costs under Rule 145 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 145 (payment of costs required).

On October 4, 2017, the trial court conducted a hearing on a contest to Valentine's declaration of inability to pay costs, filed by the appellees. *See id.* R. 145 (f)(1) ("The clerk or any party may move to require the declarant to pay costs . . . ."), (5) ("The declarant may not be required to pay costs without an oral evidentiary hearing."). At the conclusion of the hearing, the trial court

signed an order sustaining the contest and ordering Valentine "to pay in advance the full costs of the preparation of the clerk's record and the court reporter's record in connection with his appeal." In its order, the trial court made detailed findings to support its order sustaining the contest. *See id.* R. 145(g)(6) ("An order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs."). A record of the hearing was filed on November 3, 2017. *See id.* R. 145(g)(3).

On October 13, 2017, Valentine filed a motion challenging the trial court's October 4 order sustaining the contest to his declaration of inability to pay court costs. *See* Tex. R. App. P. 20.1(b)(1); Tex. R. Civ. P. 145(g)(1). Having reviewed the motion and the record, we cannot conclude that the trial court's order constitutes an abuse of discretion. *See Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (concluding that trial court's order sustaining contest is reviewed under abuse-of-discretion standard); *see also Bui v. Beck & Co. Real Estate Servs., Inc.*, No. 03-16-00882-CV, 2017 WL 279615, at *1 (Tex. App.—Austin Jan. 19, 2017, no pet.) (mem. op.) (per curiam) (same); *Kastner v. Texas Bd. of Law Exam'rs*, No. 03-08-00515-CV, 2009 WL 2476640 , at *3 (Tex. App.—Austin Aug. 12, 2009, no pet.) (mem. op.) (same). Accordingly, we deny Valentine's motion. *See* Tex. R. Civ. P. 145(g)(4).

Before Justices Puryear, Field, and Bourland

Filed: November 15, 2017