In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00459-CV

_____

**AMANDA JANE REYNOLDS, Appellant**

**V.**

**STEPHEN DUANE WELLMAN AKA JACK DAVID WELLMAN, Appellee**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 17-05-05353-CV**

**ORDER**

Appellant, Amanda Jane Reynolds, filed a motion on February 16, 2018, challenging the trial court's order sustaining the court reporters' contests to Reynolds's Statement of Inability to Afford Payment of Court Costs. *See* Tex. R. Civ. P. 145(g)(1). A clerk's record and a reporter's record of the proceedings on the claim of indigence have been filed with the Court of Appeals. *See* Tex. R. Civ. P. 145(g)(3).

The court reporter certified that Reynolds demonstrated her ability to pay for the record by paying for the reporter's record before the date she claimed she was

1

indigent. *See* Tex. R. Civ. P. 145(f)(1). Reynolds asked the trial court to confirm her indigent status without a hearing because the contests were filed more than ten days after Reynolds filed her statement of inability to pay costs. The trial court denied Reynolds's request to deny the contests without a hearing.[1] *See* Tex. R. Civ. P. 145(f)(5). Reynolds failed to appear at the hearing to prove her inability to pay costs. *See id.* Finding that Reynolds failed to appear and prove that she is unable to pay costs, the trial court sustained the challenge and ordered Reynolds to pay costs. *See* Tex. R. Civ. P. 145(f)(6).

Having reviewed the motion and the record on the claim of indigence, we conclude that the trial court acted within its discretion by sustaining the contests. *See Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (noting that trial court's order sustaining contest is reviewed under abuse of discretion standard). Accordingly, we deny Reynolds's motion. *See* Tex. R. Civ. P. 145(g)(4).

ORDER ENTERED March 21, 2018.

PER CURIAM

Before Kreger, Horton and Johnson, JJ.

---

[1] Reynolds did not ask to appear by telephone. *See Vodicka v. Tobolowsky*, No. 05-17-00961-CV, 2017 WL 5150992, at *1 (Tex. App.—Dallas Nov. 7, 2017, no pet.) (mem. op.) ("The burden rests squarely on the declarant to request access to the court through an alternative means such as by telephone and to demonstrate why a trial court should authorize it.").