# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00748-CV

**Kathleen Kelly Potter, Appellant**

**v.**

**Kevin Potter, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 06-11191, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Kathleen Kelly Potter filed a notice of appeal regarding an order in a suit seeking to modify a parent-child relationship and filed an accompanying affidavit of indigence in cause number 03-18-00653-CV. *See* Tex. R. App. P. 20.1 (setting out when party is indigent for civil cases). After Potter filed her notice of appeal and affidavit of indigence, the Bastrop County district clerk, the court reporter, and Kevin Potter each filed a challenge to Potter's claim of indigency, and the county court at law scheduled a hearing on the matter. *See* Tex. R. Civ. P. 145(f)(1), (3) (providing that clerk, party, or court reporter may file motion to require declarant to pay costs), (5) (stating that declarant may not be ordered "to pay costs without an oral evidentiary hearing" and specifying that "the burden is on the declarant to prove the inability to afford costs"). At the conclusion of the hearing, the county court at law determined that Potter is not indigent, and the county court at law subsequently issued an order setting out its ruling. Following that ruling, Potter filed a motion in

this Court challenging the county court at law's order sustaining the contest to her indigency declaration.  *See id.* R. 145(g) (setting out procedure for appealing indigency determination by trial court).

Having reviewed the motion and the record, we cannot conclude that the county court at law's order constituted an abuse of discretion.  *See Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (explaining that trial court's order sustaining contest is reviewed under abuse of discretion standard and that "[a]n abuse of discretion occurs only when the trial court acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner").  Accordingly, we deny Potter's motion.  *See* Tex. R. Civ. P. 145(g)(4) (directing appellate courts to "rule on the motion at the earliest practicable time").

Before Justices Puryear, Goodwin, and Bourland

Filed:   December 7, 2018

2