

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00795-CV

David **RODRIGUEZ**,
Appellant

v.

**H-E-B**, Jointly and Severally, William Tate, Jointly and Severally and as employee of H-E-B L.P., Stephen Martinez Jointly and Severally and as employee of H-E-B L.P., Meredith Reid as employee of H-E-B L.P., Jointly and Severally, Debra Ann Godoy as employee of H-E-B L.P., et al.,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI16263
Honorable Cynthia Marie Chapa, Judge Presiding

PER CURIAM

Sitting:  Sandee Bryan Marion, Chief Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: January 22, 2020

AFFIRMED AS TO DECEMBER 17, 2019 ORDER ON MOTION TO REQUIRE THE APPELLANT TO PROVE THE INABILITY TO AFFORD COSTS

Appellant David Rodriguez filed a motion challenging the trial court's December 17, 2019

Order on Motion to Require the Appellant to Prove the Inability to Pay Costs. We affirm the trial

court's order.

## Background

On August 13, 2019, Rodriguez filed a statement of inability to pay costs in the trial court in the underlying litigation. The record does not show that the trial court issued any rulings on Rodriguez's statement at that time. On November 5, 2019, the trial court signed an order declaring Rodriguez a vexatious litigant, requiring him to furnish security in the underlying lawsuit, and subjecting him to a prefiling order. On November 12, 2019, Rodriguez filed a notice of interlocutory appeal from that order and requested the preparation of a reporter's record. *See Nunu v. Risk*, 567 S.W.3d 462, 466–67 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (holding that that while "no statute authorizes an interlocutory appeal from an order declaring a person to be a vexatious litigant and requiring the person to post security," an appellant may bring an interlocutory appeal of a prefiling order).

On November 15, 2019, court reporter Judy Stewart filed a Motion to Require the Appellant to Prove the Inability to Pay Costs, and the trial court set a hearing on that motion for December 4, 2019. Two days before the scheduled hearing, Rodriguez filed a response noting that Stewart's motion had been filed under the wrong trial court cause number. He also argued that Stewart's motion did not comply with Texas Rule of Civil Procedure 145(f)(1) or Texas Rule of Appellate Procedure 20.1(e)(1).[1] He also contended that Stewart "did not file a contest to Appellant's 'Statement' in the Appellate Court and no contest was filed in the trial court." On December 2, 2019, Stewart refiled her motion under the correct cause number, and the trial court reset the hearing on her motion for December 17, 2019. On December 3, 2019, Rodriguez filed a

---

[1] The Texas Supreme Court amended the Texas Rules of Appellate Procedure to remove Rule 20.1(e)(1)—which established a 10-day deadline for any challenge to a claim of indigence—in 2016. *See In re Heredia*, 501 S.W.3d 70, 71 (Tex. 2016) (applying former Rule 20.1(e)(1)). The current version of Rule 20 does not contain any similar deadlines. TEX. R. APP. P. 20.1. Additionally, the comment to the 2016 amendments specifies that "Texas Rule of Civil Procedure 145 governs a party's claim that the party is unable to afford costs for preparation of the appellate record." *Id.* R. 20.1, cmt. to 2016 change.

supplement to his earlier response that essentially repeated the arguments he had raised previously, including his contention that Stewart had not filed a contest to his claim of indigency. Neither Rodriguez's original response nor his supplement claimed that he had not been served with Stewart's motion or that he was unaware of the date the trial court had set for the hearing.

On December 17, 2019, the trial court held an evidentiary hearing on Stewart's motion challenging Rodriguez's claim of inability to pay costs. Rodriguez did not appear at the hearing. However, Stewart offered two exhibits showing that Rodriguez had received a $6,500 settlement in a recent lawsuit and that he possibly owned a marital interest in a home worth approximately $105,000.[2] That same day, the trial court signed an Order on Motion to Require the Appellant to Prove the Inability to Pay Costs. That order found, inter alia, that Rodriguez had been given more than 10 days' notice of the hearing, that he failed to meet his burden of proof under Texas Rule of Civil Procedure 145(f)(5), that he did not provide proof of income, and that he "has the ability to afford the costs of court and the costs of appeal." On December 18, 2019, Rodriguez filed a motion challenging the trial court's order in this court.

## ANALYSIS

### *Standard of Review*

We review a trial court's ruling on a claim of inability to pay costs for abuse of discretion. *See In re J.P.N.*, No. 04-17-00633-CV, 2018 WL 626526, at *1 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.).

### *Applicable Law*

Texas Rule of Civil Procedure 145 provides that "[a] party who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs except by order of the

---

[2] While the trial court explicitly admitted the first of the two exhibits into evidence, the record does not contain a ruling on the second exhibit.

court as provided by this rule." TEX. R. CIV. P. 145(a). "When the declarant requests the preparation of a reporter's record but cannot make arrangements to pay for it, the court reporter may move to require the declarant to prove the inability to afford costs." *Id.* R. 145(f)(3). "In the trial court, the test for determining indigence is whether the record as a whole shows by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.).

### *Application*

Rodriguez first argues that he was denied due process because he "attempted to further respond to the court reporter's challenge but was advised by the trial court that the 'Staff Attorney' had noted in the case that [Rodriguez] was barred by a vexatious order to not appear and could not file anything any longer in the case." This assertion is not supported by any portion of the record, nor is it "supported by affidavit or other satisfactory evidence." TEX. R. APP. P. 10.2. As a result, we do not consider this argument. *Id.*

Rodriguez also complains that Stewart's motion was defective because it was not supported by sworn evidence and therefore did not comply with Texas Rule of Civil Procedure 145(f)(1). He also contends that as a result, Stewart's motion did not authorize the trial court to conduct a hearing on Rodriguez's claim of inability to pay court costs. However, Rule 145(f)(1) specifically applies to motions brought by "the Clerk or a Party." TEX. R. CIV. P. 145(f)(1). Stewart—who is a court reporter, not a clerk or a party—filed her motion under Rule 145(f)(3), which does not require the motion at issue here to be supported by sworn evidence. *Id.* R. 145(f)(3). We therefore overrule these challenges to the trial court's order.

Next, Rodriguez argues that his statement of inability to pay costs was sufficient to meet his burden of proof because it was made under penalty of perjury on the Texas Supreme Court's

approved form. However, the comments to the 2016 amendments to Rule 145 provide that "[t]he trial court always retains discretion to require evidence of an inability to afford costs." *Id.* R. 145, cmt. to 2016 change. Furthermore, Rule 145(f)(5) mandates that during a hearing like the one that took place here, "the burden is on the declarant to prove the inability to afford costs." *Id.* R. 145(f)(5); *see also In re J.P.N.*, 2018 WL 626526, at *2. Although Rodriguez does not dispute that he was given more than 10 days' notice of the hearing, he did not appear to present evidence in support of his claimed inability to pay costs. As a result, the evidence does not show that he "would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." *Basaldua*, 298 S.W.3d at 241. Because Rodriguez did not carry his burden under Rule 145, the trial court did not abuse its discretion by finding that he is able to afford the costs of court. TEX. R. CIV. P. 145(f)(5); *Basaldua*, 298 S.W.3d at 241.

Finally, Rodriguez argues that the trial court's findings were not supported by sworn evidence and therefore constitute an abuse of discretion. This argument ignores that Stewart presented evidence at the hearing showing that Rodriguez received a $6,500 settlement approximately three months before he filed his statement of inability to pay court costs. Additionally, the authority upon which Rodriguez relies for this assertion is distinguishable from these facts. *See In re N.V.R.*, No. 06-17-00022-CV, 2017 WL 727261 (Tex. App.—Texarkana Feb. 24, 2017, no pet.). In *N.V.R.*, the challenge to the appellant's inability to pay costs was brought by a party—not, as here, a court reporter—and was therefore governed by Rule 145(f)(1)'s "sworn evidence" requirement. *Id.* at *2. The *N.V.R.* court also noted that there was no evidence the party claiming inability to pay costs in that case had been given "the ten-day, mandatory hearing notice required by the Rule." *Id.* Nevertheless, that party appeared at the hearing and presented evidence of his expenses and his inability to find employment. *Id.* Finally, even though the *N.V.R.* court reversed the trial court's order requiring the appellant to pay costs in that case, it specifically noted

that when a party makes a claim of inability to pay, he "bears the burden to prove, at the hearing, his inability to afford costs." *Id.*

Here, unlike in *N.V.R.*, Rodriguez had notice of the hearing, but did not appear to present evidence in support of his claimed inability to pay costs. As a result, the trial court did not abuse its discretion by finding that Rodriguez did not meet his burden under Rule 145. *In re J.P.N.*, 2018 WL 626526, at *3.

## CONCLUSION

We affirm the trial court's December 17, 2019 Order on Motion to Require the Appellant to Prove the Inability to Pay Costs. We therefore order Rodriguez to pay the $205 filing fee for this appeal within 15 days of this opinion. We caution Rodriguez that the failure to pay the filing fee will result in the dismissal of his appeal. TEX. R. APP. P. 5, 42.3.

PER CURIAM