**Order Affirmed and Opinion Filed October 18, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00242-CV**

**IN THE INTEREST OF M.C.M. AND M.A.M., CHILDREN**

**No. 05-21-00360-CV**

**MOLLY WILKERSON, Appellant**

**V.**

**MARK MALDONADO, Appellee**

**No. 05-21-00373-CV**

**IN THE INTEREST OF M.C.M. AND M.A.M., CHILDREN**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 366-53554-2020, 366-51795-2021, and 366-50778-2021**

## MEMORANDUM OPINION ON MOTION TO REVIEW TRIAL COURT ORDER SUSTAINING CONTEST TO APPELLANT'S STATEMENT OF INABILITY TO AFFORD COURT COSTS

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

Seeking to proceed in these appeals without payment of costs, appellant filed

a statement of inability to afford court costs in these three underlying cases. *See*

TEX. R. CIV. P. 145(g).[1]  The court reporter filed a contest in each case.  Following a hearing, the trial court signed an order sustaining the court reporter's contests and determining appellant not to be indigent.  Appellant asks this Court to review the order.

In reviewing a trial court's ruling on a contest to an affidavit of indigence, we apply an abuse of discretion standard.  *See Basaldua v. Hadden,* 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (per curiam).  A trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary and unreasonable manner.  *Id.*  The test for determining indigence is whether the record as a whole shows the declarant proved "by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." *In re C.H.C.,* 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins v. Randall Cnty. Sheriff's Office,* 257 S.W.3d 684, 686 (Tex. 2008)).

At the hearing on the reporter's contests, appellant testified that she had a Go-Fund-Me account (titled "Two Young Kiddos Need Their Mom Now") that raised approximately $3,000, has a bachelor's degree in psychology, and is one credit shy of a master's degree.  Appellant is certified to teach high school English and social studies and is also ESL certified.  Her last job was with Lovejoy Independent School

---

[1]Rule 145 was amended effective September 1, 2021.  Because the trial court's order on the contest was signed prior to September 1, our review of the order is governed by the former version of the rule.

District, but she lost the job in February after extensive litigation. Appellant has applied for other teaching jobs but was "not trying to apply for larger districts." Appellant stated she was also trying to start a pet sitting business. Appellant admitted that she had not tried to obtain a loan to pay for the record.

Appellant admitted that, although she stated on one of her statements of inability that a SNAP application was "in progress", she had not yet submitted the application. Also, although two of her statements of inability indicate a legal aid provider determined she was financially eligible for representation but could not take her case, she failed to include documentation from legal aid supporting that statement as the form instructs her to do.

In her own defense, appellant testified that she failed her graduate classes and, therefore, before she can finish her graduate degree, she has to pay back the previous semester's student loans. Appellant did not offer any documentation of her student loans or any other exhibits in support of her claim of indigence.

Appellant acquired almost $3,000 through a Go-Fund-Me account. Although the account is now closed, appellant did not state that those funds were unavailable to pay for the reporter's record. She is a certified teacher, is starting a pet sitting business, and has made no attempt to obtain a loan to pay for the reporter's record. We conclude the evidence at the hearing shows that appellant has not made a good-faith effort to try to pay for the record or a part of the record.

Accordingly, we affirm the trial court's order.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

210242F.P05