**Affirmed and Opinion Filed September 18, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00575-CV**

**IN THE INTEREST OF R.S., A CHILD**

**On Appeal from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-51643-2023**

# MEMORANDUM OPINION ON MOTION TO REVIEW TRIAL COURT ORDER SUSTAINING CONTEST

Before Chief Justice Burns and Justices Molberg and Carlyle
Opinion by Chief Justice Burns

Seeking to proceed in this appeal without payment of costs, pro se appellant filed a statement of inability to afford payment of court costs or an appeal bond. *See* TEX. R. CIV. P. 145(b). The trial court contested her statement of inability and set a hearing for July 18, 2024. *See* TEX. R. CIV. P. 145(e)(2). Following the hearing, the trial court signed an Order Sustaining Contest. The trial court found that appellant did not prove that she would be unable to pay for the record or part of the record and that appellant has not made a good faith attempt to do so, and it ordered appellant to pay costs.

Appellant then filed in this Court a Response to Order Denying Inability to Afford Payment of Court Costs, which we have construed as a motion for review of the trial court's order sustaining contest. We affirm the order.

## STANDARD OF REVIEW

At the rule 145 hearing, appellant, the declarant, had the burden to prove her inability to afford payment of court costs. *See* TEX. R. CIV. P. 145(f)(1). In reviewing a trial court's ruling on a contest to a statement of inability to pay, we apply an abuse of discretion standard. *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, order) (per curiam), *disp. on merits*, No. 04-08-00758-CV, 2009 WL 3153501 (Tex. App.—San Antonio 2009, no pet.) (mem. op.) (per curiam). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *Id*. The test for determining indigence is whether the record as a whole shows the declarant proved "by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if [s]he really wanted to and made a good-faith effort to do so." *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (per curiam).

No abuse of discretion will be found if the trial court's ruling is supported by any theory appearing in the record, even if not mentioned by the trial court or litigants. *See Steele v. UG Nat'l Constructive*, No. 05-19-01397-CV, 2020 WL 2519895, at *2 (Tex. App.—Dallas May 18, 2020, order) (mem. op.), *disp. on merits*, 2020 WL 5248567 (Tex. App.—Dallas Sept. 3, 2020, no pet.) (mem. op.).

–2–

As the fact finder, the trial court is the sole judge of the credibility of the witnesses and evidence. *Booker v. Mahmoudi*, No. 05-19-00048-CV, 2019 WL 2266667, at *2 (Tex. App.—Dallas May 24, 2019, order) (mem. op.), *disp. on merits*, 2021 WL 5410519 (Tex. App.—Dallas Nov. 19, 2021, no pet.) (mem. op.). However, the trial court may not completely disregard the only evidence adduced at the hearing concerning the declarant's ability to pay costs when no evidence is offered in rebuttal. *Id.* at *3.

A trial court can consider a number of factors when determining a contest to a statement of inability. Some of those factors include the declarant's employment history, the value of the party's claim and whether it could afford the basis for security of a loan, and whether the party can secure a bona fide loan to pay the costs. *In re M.M.J.*, No. 05-22-00356-CV, 2022 WL 2582560, at *1 (Tex. App.—Dallas July 8, 2022, order) (mem. op.), *disp. on merits*, 2022 WL 3273725 (Tex. App.—Dallas Aug. 11, 2022, no pet.) (mem. op.). Also, if a declarant owns valuable property that she could dispose of and thereby secure the necessary funds without depriving herself or her family of the necessities of life, she should be required to pay the costs. *Id.* Failing to use assets that could be used to provide funds for paying the record constitutes the opposite of good faith. *Id.* But the declarant is not required to show that family or friends are unable to pay the costs, nor is the declarant expected to secure the necessary funds by depriving herself and her family of the necessities of life or borrowing money she cannot repay. *In re A.R.M.*, No. 05-17-

–3–

00651-CV, 2017 WL 2962830, at *2 (Tex. App.—Dallas July 12, 2017, order) (mem. op.), *disp. on merits*, 593 S.W.3d 358 (Tex. App.—Dallas Mar. 30, 2018, pet. denied).

## DISCUSSION

At the contest hearing, with regard to her employment history, appellant testified that she has a bachelor's degree. She testified that she has a seven-year gap but has been volunteering with the school district for the last two years. Appellant testified that she has been exploring a potential job opportunity with the school district and looking for a substitute-teaching position but that she has not received any job offer. She testified that she is not able to provide employers with a job start date because she's uncertain about her upcoming travel plans, and she claimed that the trial court's geographical restriction is limiting her employment opportunities. She admitted, however, that she did not provide documents evidencing any job applications.

Appellant testified that she applied to work at a Starbucks and at a Chick-fil-A but that they required a lot of physical activity. She testified that she has a spine health issue and cannot participate in anything that requires labor work. Appellant testified that she was thus forced to decline a job at Starbucks and that Chick-fil-A refused to hire her. Appellant, however, did not provide any documentation of her physical limitations. She further testified that she has not attempted to drive for Uber,

–4–

Instacart, or DoorDash, stating that she had just learned to drive during the divorce and is not comfortable driving that much.

Appellant admitted that she was awarded over $200,000 in an account in India in the divorce. She testified that there was at least $40,000 in that account after the divorce, but she claimed that the money in that account had been recently confiscated. Appellant admitted, however, that she did not provide evidence showing the money in the account had been confiscated after the divorce.

Regarding loans, appellant testified that she has borrowed $12,000 and $7,000 from friends in April 2024; she used $12,000 to pay her attorneys. Appellant testified that she has taken out $77,000 in personal loans from family and friends and that she has not made any single payment on those loans.

Appellant testified that her four-bedroom home is 3,425 square feet. She testified that she sold some furniture after she filed her notice of appeal in an attempt to meet some of her expenses and to pay court costs. But then appellant admitted that she did not use that money to pay for court costs and instead paid off loans from friends. Appellant testified that she has tried asking friends for loans to pay for court costs but that they told her they did not expect her to be able to repay them.

Regarding her expenses, on appellant's statement of inability, appellant testified under penalty of perjury that she has monthly expenses of $6,184.81. These expenses included the following: (1) $1,535.70 for a mortgage, but appellant testified that she is not making those payments. (2) $545.97 for utilities, but appellant

testified that she is making those payments in installments. And (3) $815.00 in school and child care, but appellant testified that the child is in public school and that this amount is actually for extracurricular activities (basketball, art classes, and vocabulary classes) and that those activities are in addition to the extracurricular activities the father pays for. She also testified that she withdrew the child from some of these classes.

Appellant also testified that she has a Honda CRV but that she hasn't been making the payments on the vehicle. She listed credit card debts totaling $52,000 on her statement of inability, but she did not allocate any funds for payments of those debts (or the loans) in her statement of inability.

Appellant admitted that she is being selective about where she spends her money and admitted that she is picking and choosing what expenses to pay.

Appellant further admitted that at a June 21, 2024 hearing, the trial court told appellant that she was not traveling to India with the child. And appellant admitted that on June 24, 2024, she spent $4,205 on nonrefundable plane tickets to India for herself and the child. She explained that her father, who lives in India, has been unwell and she borrowed $3,500 from a friend for the plane ticket. Appellant testified that the trip was cancelled because the child's father withheld travel documents.

We conclude the evidence at the hearing supports the trial court's determination that appellant has not made a good-faith effort to try to pay for the

record. Appellant testified that she sold furniture to pay for court costs after she filed her notice of appeal but then instead used that money to pay back loans. At another point in her testimony, however, appellant testified that she has not paid back any of her loans. The record as a whole does not show that appellant would be unable to pay the costs, or a part thereof, or give security therefor, if she really wanted to and made a good-faith effort to do so. *See C.H.C.*, 331 S.W.3d at 429; *M.M.J.*, 2022 WL 2582560, at \*1. Thus, we cannot conclude that the trial court abused its discretion.

Accordingly, we affirm the trial court's July 18, 2024 Order Sustaining Contest.

240575f.p05

/Robert D. Burns, III//
ROBERT D. BURNS, III
CHIEF JUSTICE