

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00024-CV
_____

RUSTIN WRIGHT, Appellant

V.

ASHLEY WOMACK, Appellee

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 90398

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

On March 25, 2025, Appellant Rustin Wright filed in this Court an "Emergency Motion to Declare Void and Strike Trial Court's Order Requiring Payment of Costs, with Advisory Notice Regarding Established Indigency Status and Appellate Jurisdiction." Pursuant to Rule 145(g)(1) of the Texas Rules of Civil Procedure, Wright challenges the trial court's order finding that he was able to pay costs. *See* TEX. R. CIV. P. 145(g)(1). For the reasons below, we overrule Wright's issue.

## I.      Standard of Review and Applicable Law

Rule 145(f) of the Texas Rules of Civil Procedure states, "When a Statement [of inability to pay costs] has been filed, the declarant must not be ordered to pay costs unless . . . procedural requirements have been satisfied." TEX. R. CIV. P. 145(f). However, the clerk, the court reporter, or a party may file a motion to require payment of costs. TEX. R. CIV. P. 145(e)(1). The motion "must contain sworn evidence—not merely allegations—either that the Statement was materially false when made or that because of changed circumstances, it is no longer true." *Id.* Even then, a declarant may "not be required to pay costs without an oral evidentiary hearing." TEX. R. CIV. P. 145(f)(1). "The declarant must be given 10 days' notice of the hearing." *Id.* At a Rule 145 hearing, the declarant has the burden to prove his inability to afford court costs. *Id.*

When an appellate court reviews a trial court's ruling on a contest to a statement of inability to pay costs, it applies an abuse-of-discretion standard. *See Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no. pet.) (per curiam). A trial court abuses its

2

discretion when it "acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner." *Id.*

## II. Factual Background

On February 3, 2025, Wright filed a "Statement of Inability to Afford Payment of Court Costs." In his statement, Wright indicated that he had a monthly income of $2,308.00 and that the total value of his property was $7,660.00, including, among other things, a bank account in the amount of $5,160.00. Wright also stated that his total monthly expenses were $5,464.04, which included, among other expenses, credit card or loan debt in the amount of $3,674.17. However, he also indicated that his debts included a home equity line of credit of $23,178.01, as well as approximately $82,500.00 in credit card debt.

On March 7, 2025, the court reporter (Reporter) filed a "Motion to Require Payment of Costs" stating that the cost of the requested record amounted to $694.25. In her motion, the Reporter maintained, "Wright **can** afford payment of the reporter's record for the hearing held on January 6, 2025, as he has previously paid for each reporter's record he has requested." In support of her position, the Reporter attached multiple documents, along with a sworn statement indicating that the documents were publicly available and that she had not altered them in any manner.[1]

---

[1]In her motion to require payment, the Reporter addressed the procedural errors contained in Wright's statement, and she attached the following documents: (1) Wright's statement that he was unable to pay court costs, specifically noting that Wright represented that he had $5,160.00 in his bank account, exhibit A; (2) the appraised value of Wright's homestead property, which was $415,827.00, exhibit B; (3) the email notice from the Reporter to Wright informing him that he had been notified on January 8, 2025, that the cost of the reporter's record of the January 6, 2025, hearing was $694.25, and (4) Wright's email in response stating that, "if [she did] not produce the record what his next steps w[ould] be, which include[d] filing a complaint [against her] with the Judicial Branch Certification

On March 10, 2025, the trial court issued a notice setting a hearing on the "contest to [Wright's] affidavit of inability to pays costs and Motion to Require Payment of Costs" for March 25, 2025. That same day, Wright filed an "Emergency Motion to Cancel Unlawful Hearing on Indigency Status." In that motion, Wright conceded that the trial court had jurisdiction to hold the hearing. Notably, Wright did not argue that the hearing was "unlawful" because he did not receive adequate notice of the hearing.

On March 25, 2025, the trial court held the Rule 145 hearing as scheduled. Yet, Wright did not make an appearance. Following brief announcements, the trial court found that Wright was able to pay the cost of the record. This challenge followed.

**III    Discussion**

Wright contends that the trial court's order is void because his indigency status was conclusively established under "**Texas Rule of Civil Procedure 145(f)** and **Texas Rule of Appellate Procedure 20.1(k)**."[2] He also maintains that "the trial court lacked jurisdiction to issue the order because" the Reporter did not file her "contest to indigency" in a timely manner.[3]

Despite having adequate notice of the March 25 hearing, Wright did not make an appearance. It was Wright's burden to prove that he could not afford to pay the cost of the

---

Commission," exhibit C. Therefore, the Reporter complied with the obligations required by Rule 145(e)(1) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 145(e)(1).

[2]We note that there is no subsection (k) in Texas Rule of Appellate Procedure 20.1. *See* TEX. R. APP. P. 20.1. More importantly, Rule 20.1 simply does not apply to the circumstances of this case. *See id.*

[3]There are no time limitations contained in Rule 145 as to when a reporter must file a motion to require payment of costs. *See* TEX. R. CIV. P. 145(e)(1).

requested reporter's record. *See* Tex. R. Civ. P 145(f)(1). After noting Wright's failure to appear, the court issued the following order:

> On March 25, 2025, the undersigned, heard the Motion to Require Payment of Costs. The court reporter appeared and Mr. Wright was noticed of this hearing on March 10, 2025, but did not appear.
>
> After considering the motion and the response filed by Mr. Wright[,] the undersigned grants the Motion to Require Payment of Costs and finds that Mr. Wright is able to pay the costs associated with his request for the Reporter's Records in Cause No. 90398.
>
> Mr. Wright may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed.

Because Wright did not appear at the hearing and he failed to present evidence to the trial court, he did not meet his burden of proof under Rule 145. Based on the record before us, we find that the trial court did not abuse its discretion when it determined that Wright was able to pay the cost of the record.

## IV.    Conclusion

We overrule Wright's issue. We, therefore, affirm the trial court's order requiring him to pay costs.


                                              Charles van Cleef
                                              Justice

Date Submitted:      April 15, 2025
Date Decided:        May 12, 2025


5