

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00706-CV

Edward **FLORES**,
Appellant

v.

Chatchaya **FLORES**,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI10073
Honorable Cynthia Marie Chapa, Judge Presiding

PER CURIAM

Sitting:  Adrian A. Spears II, Justice
 H. Todd McCray, Justice
 Velia J. Meza, Justice

Delivered and Filed: June 3, 2026

AFFIRMED AS TO JANUARY 28, 2026 ORDER ON EVIDENTIARY HEARING ON THE APPELLANT'S ABILITY TO AFFORD COSTS

On November 4, 2025, Appellant Edward Flores ("Flores") filed a premature notice of appeal, stating his intent to appeal the Order of Enforcement signed by the trial court. *See Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (explaining that post-divorce enforcement orders are appealable). On December 31, 2025, a supplemental

clerk's record was filed that contains the trial court's December 10, 2025 Order on Motion for Enforcement. Thus, it appears we have jurisdiction over this appeal.

On December 3, 2025, we issued an order informing Flores that he had failed to pay the applicable filing fee in this appeal. We ordered Flores to either (1) pay the applicable filing fee in this appeal or (2) provide written proof to this court that he is excused by statute or these rules from paying the filing fee. *See* TEX. R. APP. P. 20.1. On December 9, 2025, the clerk's record was filed in this appeal. It reflects that on October 16, 2025, Flores filed in the trial court a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond. *See* TEX. R. APP. P. 20.1(b)(1) ("A party who filed a Statement of Inability to Afford Payment of Court Costs in the trial court is not required to pay costs in the appellate court unless the trial court overruled the party's claim of indigence in an order that complies with Texas Rule of Civil Procedure 145.").

The reporter's record in this appeal was due on December 8, 2025. On December 22, 2025, the court reporter filed a notification of late reporter's record, stating that Flores was not entitled to appeal without paying the reporter's fee and that appellant had failed to pay the fee or to make arrangements to pay the fee. We construed the court reporter's notification of late reporter's record as a contest to Flores's statement of inability. Thus, we abated the appeal and referred the contest to the trial court. *See* TEX. R. CIV. P. 145(f).

On January 29, 2026, a supplemental clerk's record containing the trial court's January 28, 2026 order was filed. The trial court found that Flores has the ability to afford costs of court and costs of appeal. Flores then filed a motion requesting that we review the trial court's order sustaining the court reporter's contest. On March 3, 2026, we ordered the court reporter to file the reporter's record of the trial court's January 27, 2026 hearing, which the court reporter filed on March 19, 2026. We then issued an order explaining that if Flores wished to file a brief in support

of his motion challenging the trial court's order on his ability to afford costs, he must do so on or before April 28, 2026. We further ordered that any brief in response by the appellee should be filed on or before May 13, 2026. Neither party has filed a brief on this issue.

"A party who cannot afford payment of court costs must file the Statement of Inability to Afford Payment of Court Costs approved by the Supreme Court or another sworn document containing the same information." TEX. R. CIV. P. 145(b). The district clerk, a court reporter, or an opposing party may file a motion in the trial court to challenge the declarant's claim of indigency. TEX. R. CIV. P. 145(e). If a motion challenging the declarant's claim of indigency is filed, "the declarant must not be ordered to pay costs" unless: (1) the trial court holds "an oral evidentiary hearing"; (2) the declarant receives at least "10 days' notice of the hearing"; and (3) the trial court makes "detailed findings that the declarant can afford to pay costs." TEX. R. CIV. P. 145(f)(1), (2).

"At the hearing, the burden is on the declarant to prove the inability to afford costs." TEX. R. CIV. P. 145(f)(1). "In the trial court, the test for determining indigence is whether the record as a whole shows by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, order). We review a trial court's ruling on a claim of inability to pay costs for abuse of discretion. *See Rodriguez v. H-E-B*, No. 04-19-00795-CV, 2020 WL 354766, at *2 (Tex. App.—San Antonio Jan. 22, 2020, order); *In re J.P.N.*, No. 04-17-00633-CV, 2018 WL 626526, at *1 (Tex. App.—San Antonio Jan. 31, 2018, order).

The reporter's record reflects that Flores did not appear at the hearing. The reporter's record reflects that the trial court then heard evidence relating to Flores's claim of inability to afford court costs. At the end of the hearing, the trial court found that Flores had filed a statement of inability

and was given proper notice of the hearing contesting his statement of inability. With regard to appellant's claim of inability, the trial court found the following:

1. Edward Flores is not represented by legal aid and has not applied for legal aid.
2. Edward Flores does not receive public benefits that are based on indigency.
3. Edward Flores declares he lives at a home at 4926 Blessing St., San Antonio, TX 78228.
4. The home at 4926 Blessing St. is owned by his mother, and there has been a Revocable Transfer on Death Deed to Enrique Flores filed in the deed records of Bexar County.
5. Edward Flores declares that his mother is his legal dependent but did not offer proof of this at the hearing.
6. Edward Flores declared that the child of the marriage as his legal dependent in the sworn statement, but the Final Decree of Divorce entered on November 13, 2024 (the Decree) gives the right to the mother of the child to claim her as a legal dependent.
7. Edward Flores has no legal dependents.
8. Edward Flores did not provide proof of income or declare his income in the Statement or at the hearing.
9. This Court adopts the finding in the Final Decree of Divorce rendered on November 13, 2024 that Edward Flores has a net monthly income of $4,201.60.
10. Edward Flores owns and operates a home remodeling company called Fecho Inc.
11. Edward Flores has the ability to earn a net month income of at least $4,201.60.
12. Edward Flores has an ownership interest in the house and land located at 6007 Town Leaf St., San Antonio, TX, 78238 valued at $170,020.
13. Edward Flores has an ownership interest in the house and land located at 6803 Sunlight Dr., Leon Valley, TX, 78238 valued at $123,520.
14. Edward Flores has a possible interest in and control of the land located at 1519 Benrus Blvd., San Antonio, TX 78228, which was at one time deeded to him and subsequently deeded to a Shelby Capital Trust on April 10, 2025, along with another property located at 4947 Blessing St., San Antonio, TX 78228 over which he did previously have control, was ordered to deed to the wife of the final decree of divorce entered on November 13, 2024, and he deeded to a Shelby Capital Trust on April 10, 2025.
15. Edward Flores purchased a 2024 Ford Expedition valued at $80,000 during the pendency of the ongoing litigation.
16. Edward Flores failed to meet the burden of proof under Texas Rule of Civil Procedure 145(f)(1).

In his motion to review the trial court's findings, Flores states that he "did not personally appear at the hearing and respectfully requests review of [the trial court's] determination." He states that he "has not been employed since February 2023" and "is currently receiving government assistance, including SNAP and Medicaid benefits." However, he can point to nothing in the record to support his claims.

In reviewing the evidence presented at the hearing, we conclude that there is sufficient evidence to support the trial court's findings. We find no abuse of discretion by the trial court in concluding that Flores failed to meet his burden of proof under Texas Rule of Civil Procedure 145(f). *See Rodriguez*, 2020 WL 354766, at *2. We therefore affirm the trial court's January 28, 2026 Order on Evidentiary Hearing on the Appellant's Ability to Afford Costs.

We order Flores to pay the $205 filing fee for this appeal within fifteen days of this opinion. We caution Flores that failure to pay the filing fee will result in dismissal of his appeal. *See* TEX. R. APP. P. 5, 42.3.

We further ORDER Flores to provide written proof to this court within fifteen days of this opinion that the reporter's fee has been paid or arrangements have been made to pay the reporter's fee. If Flores fails to respond within the time provided, appellant's brief will be due within thirty days from the date of this opinion, and this court will only consider those issues or points raised in appellant's brief that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

PER CURIAM